John A. Denton *vs.* State of Maryland.

*Embezzlement by Clerk of County Commissioners—Evidence.*

Section 75 of Article 27 of the Code of Public General Laws, provides that if any clerk to any body corporate shall fraudulently embezzle any money received or taken into possession by him for or in the name of or on the account of his employer, he shall be deemed to have feloniously stolen the same from his employer. An indictment under this section charged that D. as clerk of the County Commissioners of Howard County, did receive and take into his possession for and on account of his said employer, the said County Commissioners, $183.80, and did embezzle the same. Held :

That a tax bill for $183.80, made out in the name of the County Commissioners against a certain Bank, at the bottom of which was written, "Received payment, W. D. Collector, Per J. A. D. Clerk, Co. Com's," was admissible to show that J. A. D. the defendant, received the money for and on account of the County Commissioners.

On the trial such receipted tax bill was admitted by the Court on the assurance by "the State that it would be followed by evidence showing that the clerk was instructed to give to the collectors information of the stocks on which they were to collect taxes, and that the clerk had fraudulently neglected so to do." There was proof that the regular course of business was for the clerk of the County Commissioners to make out for such collector a book, in which were entered the names of the tax-payers of each district, and also the names of resident corporations from whom taxes were due on corporation stocks; and that this rule was carried out as to all the collectors, except as to W. D. who testified that he did not know for certain if he had any list, but was only told by the defendant what they were; and that the defendant was not authorized by him to collect the tax of $183.80. There was also proof by the collectors of Howard County, that it was a custom for the defendant to collect the stock taxes which were on their books, but not those that were not on their books. Held :

That there was no error in overruling the objection to the admissibility of the receipted tax bill and all evidence tending to show the receipt of the money by the defendant, on the ground that the State had not followed up its proof, as required by the Court's ruling.

APPEAL from the Criminal Court of Baltimore.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., ROBINSON, BRYAN, FOWLER, ROBERTS, MCSHERRY, and BRISCOE, J.

*Edgar H. Gans,* (with whom were *Charles K. Dorsey,* and *B. Howard Haman,* on the brief,) for the appellant.

*John Prentiss Poe, Attorney-General,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The appellant was indicted for embezzlement, in the Circuit Court for Howard County, and his case was removed to the Criminal Court of Baltimore, where he was tried and convicted. There were two exceptions taken at the trial to the admission of evidence offered on the part of the State, and the correctness of the Court's ruling on the evidence is the only question before us. The indictment is founded on section 75, of Article 27, of the Code of Public General Laws, which provides that "whosoever being a cashier, servant, agent, or clerk to any person, or to any body corporate, or being employed for the purpose or in the capacity of a cashier, servant, agent, or clerk, by any person or body corporate, shall fraudulently embezzle any money  *  *  *  *  which or any part whereof shall be delivered to or received or taken into possession by him, for or in the name of or on the account of his master or employer, shall be deemed to have feloniously stolen the same from his master or employer, although such money  *  *  *  *  was not

Denton *vs.* State.

received into the possession of such master or employer otherwise than by the actual possession of his cashier." The indictment here charges in substance, that the appellant as clerk of the County Commissioners of Howard County, did receive and take into his possession for and on account of his said employer, the said County Commissioners, certain money, to wit, one hundred and eighty-three dollars and eighty cents, and did embezzle the same.

In the case of *State vs. Denton*, 74 *Md.*, 517, (a former appeal to this Court,) it was held, that the County Commissioners being a corporation, as declared by section 1, of Article 25 of the Code, embezzlement by their clerk is within the scope of section 75, of Article 27 of the Code; that every act that the clerk does is done, not in virtue of an independent official position held by him, but as the clerk, the agent, or the servant of a superior. He acts for them, and as they direct, and not otherwise. He is just what section 1, Article 25, calls him,— a clerk to a body corporate, appointed by that body, subject to its authority and consequently its employé.

The State then proved that the appellant was the clerk of the County Commissioners, and offered to prove the receipt of the money by Denton, by the following receipted tax bill:

" Howard County Levy.   County taxes for 1889. National Farmers and Planters Bank of Balto.,

    To the Commissioners of Howard County, Dr.

To amount of assessment $32,589.60 county tax at 60 cents on the $100.         $195 53

Less 6 per cent. for prompt payment.    11 73

   " Received payment,    $183 80

      WM. DAVIS, Collector.
        per John A. Denton,
         Cl'k Co. Com'rs."

This receipt was admitted as evidence by the Court below, and one of the questions before us is as to the correctness of the Court's ruling in this respect.

The appellant contends that the receipt was inadmissible as evidence, because it had no tendency to show that the money which had been received by him had been collected as clerk to the County Commissioners, or in his capacity as clerk, but showed that it was collected by him as agent for Davis, collector.

But to this contention we cannot assent.

The money which Denton received was the money of the County Commissioners of Howard County, and whether he received it in his capacity as clerk or as agent for Davis, the collector, he received it for and on account of the County Commissioners, and it was equally his duty to have paid it over to them. We have carefully examined the authorities upon which the appellant relies, but we do not think the facts of this case bring it within the ruling of those cited by him. It is well settled that, under the terms of our statute, to constitute the crime of embezzlement it is not necessary to show that the party charged received the money "by virtue of his employment," nor that he had authority to receive it; but, if it was received in the name or on account of the master or employer, then the embezzlement is within the statute. 2 *Bishop on Crim. Law,* sec. 318; *Wharton's Crim. Law,* sec. 1023; *State vs. Spaulding,* 24 *Kansas,* 1. The proof shows that the tax bill was made out in the name of the County Commissioners, and Denton's signature thereto as clerk, tended to show that he received the money in his capacity as clerk to the board. There can be no doubt, then, it seems to us, that this evidence tended to show that the appellant, Denton, had received or taken into his possession for or in the name of, or on account of the County Commissioners, the money in question, and it was, therefore, competent evidence

to go to the jury to be considered in connection with the other facts in the case to prove the crime wherewith the appellant was charged.    There was no denial of the collection of the money or its misappropriation, and the simple question was in what capacity did Denton collect the money.

The receipted tax bill, however, had been admitted by the Court upon "the assurance by the State that it would be followed by evidence showing that the clerk was instructed to give to the collectors information of the stocks on which they were to collect taxes, and that the clerk had fraudulently neglected so to do;" and the second exception is not only to the admissibility of that receipted bill, but to all evidence tending to show the receipt of the money by Denton, on the ground that the State had not followed up their proof as required by the Court's ruling.    The Court overruled the objection, and in this ruling there was no error.

There was proof that the regular course of business was for the clerk of the County Commissioners to make out for each collector a book, in which was entered the names of the tax-payers of each district, and also the names of resident corporations from whom taxes were due on corporation stocks.    But in the year 1889 this rule was carried out as to all the collectors, except as to Davis.    Davis testified that "I dont't know for certain if I had any list; only he just told me what they were. He never gave me a regular list of what the stock was," and that Denton was not authorized by him to collect the tax of $183.80.    There was also proof by the collectors of Howard County that it was a custom for Denton to collect the stock taxes which were on their books, but not those that were not on their books.    From what has been said, we are clearly of the opinion that there was no error in the rulings of the Court, so they will be affirmed.

*Judgment affirmed.*

(Decided 21st June, 1893.)