(Decided 26th March, 1889.)

## State of Maryland *vs.* John W. Blizzard.

*False pretences—Indictment—Criminal pleading—Code, Art. 27, secs. 288, 291, and 82.*

Under section 288, of Article 27, of the Code of 1888, an indictment for false pretences is not demurrable for failing to set out the false pretences intended to be relied on.

But the indictment in other respects must have that degree of certainty and precision that will fully inform the accused of the special character of the charge against which he is called upon to defend, and that will enable the Court to determine whether the facts alleged constitute a crime; and that will protect the defendant against further prosecution for the same alleged offence.

The provisions of section 291 of said Article, do not dispense with the necessity of giving in the indictment the purport, or other proper designation of the instrument alleged to have been obtained by false pretences; so that there can be no mistake as to the identification of the instrument described with that produced in evidence in support of the indictment.

An indictment for *obtaining* a "bill of sale or mortgage of personal property" by false pretences, will be defective unless it contains an averment that the instrument was assigned or transferred to the defendant by the owner, or that something more passed to the defendant than the mere paper upon which the instrument was written.

State *vs.* Blizzard.

An indictment will be defective for want of certainty and precision which describes the instruments obtained by false pretences as "certain valuable securities, to wit: The endorsement and signature of the said A. M. B. to two certain promissory notes for the payment of three hundred dollars each."

The offence referred to in section 82, of Article 27 of the Code of 1888, is the obtaining by false pretence a subsisting security, and not merely the obtaining of a signature to an instrument.

It is no less requisite in indictments for obtaining property or securities by false pretences, that the ownership of the property or securities obtained should be distinctly alleged, than it is that such averments should be made in indictments for larceny.

APPEAL as upon of Writ of Error from the Circuit Court for Carroll County.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*David N. Henning, State's Attorney for Carroll County,* and *Wm. Pinkney Whyte, Attorney-General,* for the appellant.

*James A. C. Bond,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

The indictment in this case is for obtaining what are alleged to be valuable securities, by false pretences. It consists of a single count, wherein it is alleged that the defendant, "by certain false pretence by him then and there made to Richard Manning, unlawfully, knowingly, and designedly did obtain from Richard Manning a certain valuable security, to wit, a certain bill of sale or mortgage of personal property, for the payment

State *vs.* Blizzard.

of six hundred dollars on condition, executed by one John Blizzard to Annie M. Blizzard and Samuel Blizzard; and certain other valuable securities, to wit, the endorsement and signature of the said Annie M. Blizzard to two certain promissory notes for the payment of three hundred dollars each, and the signature of Samuel M. Blizzard, her husband, with her, the said Annie M. Blizzard, to said promissory notes, with intent then and there to defraud; he, the said John W. Blizzard then and there well knowing the said false pretences to be false," &c.

The defendant demurred to the indictment, and the Court sustained the demurrer and discharged the defendant. The State filed a petition in error, and assigned as ground of error in the ruling of the Court: 1st. That the Court erred in holding that the indictment did not sufficiently allege the offence of obtaining a valuable security under false pretences, with intent to defraud, &c.; and, 2. That the Court erred in ruling the indictment defective in law, because it was not sufficiently alleged therein that a valuable security had been obtained by the defendant by false pretences, with intent to defraud, within the meaning of the statute. The two assignments of error being substantially the same, they may be considered together as a single assignment.

Formerly, before the Act of 1835, ch. 319, it was necessary that the false pretences, by means of which the goods or money had been obtained, should be specifically set forth in the indictment, with the allegation of their falsity to the knowledge of the defendant, so that the Court could determine whether they came within the meaning of the statute. But the statute now provides (Code, Art. 27, sec. 288,) that "in any indictment for false pretences, it shall not be necessary to state the *particular* false pretences intended to be

relied on in proof of the same, but the defendant, on application to the State's attorney before the trial, shall be entitled to the names of the witnesses and a statement of the false pretences intended to be given in evidence." The present indictment, therefore, was not demurrable because it failed to set out the false pretences intended to be relied on. It does not appear that any application had been made for a statement of such false pretences, or that any such statement had been placed upon record.

But while there is no longer a necessity for specially alleging in the body of the indictment the particular false pretences made use of by the defendant, as means of perpetrating the fraud, the indictment in other respects must have that degree of certainty and precision that will fully inform the accused of the special character of the charge against which he is called upon to defend, and that will enable the Court to determine whether the facts alleged upon the face of the indictment are sufficient in the contemplation of law to constitute a crime; and, whether the trial be followed by acquittal or conviction, that the record may stand as a protection against further prosecution for the same alleged offence. It is true, the Legislature, to obviate some of the technical difficulties and refined distinctions that frequently arose in the trial of this class of cases, has provided, by the Act of 1862, ch. 80, (Code, Art. 27, sec. 291,) that, in indictments for obtaining property by false pretences, and also in some other cases, it shall be sufficient to allege that the defendant did the act with intent to defraud, without alleging the intent of the defendant to be to defraud any *particular person*, and that, on the trial, it shall be sufficient to prove that the defendant did the act charged with an intent to defraud. And, by the same statute, it is also provided, that in indictments for obtaining by

false pretences any instrument, "it shall be sufficient to describe such instrument by any name or designation by which the same· may be usually known, or by *the purport thereof,* without setting out a copy or facsimile thereof, or otherwise describing the same." These provisions, however, only relate to the manner of alleging the facts and bringing them upon the record, but do not dispense with the necessity of their averment in the indictment as essential to the proper description of the crime charged. The purport or other proper designation of the instrument should be given, so that there could.be no mistake as to the identification of the instrument described with that produced in evidence in support of the indictment.

There is, in the indictment before us, manifestly great want of certainty and precision in the allegations essential to constitute the crime. As will be observed, it is not shown by any averment in the indictment that the bill of sale or chattel mortgage (whichever it may be) was assigned or transferred to the defendant by the owner, or that anything passed to the defendant more than the mere paper writing, without the least interest in the property embraced or the money secured by the instrument. To constitute the crime, something within the defination of a *valuable security* must have been obtained by the false pretence, · with intent to defraud some person of the same; but it is a little difficult to say that an instrument, such as that here described, without assignment or transfer, can be properly designated as a *valuable security* of which a party has been deprived by false pretence, when nothing could pass to the defendant more than the paper upon which the instrument was written. The possession of the instrument by the defendant divested no right, nor did it invest the defendant with any right or power over the property or money secured by the instrument.

With respect to the other valuable securities charged to have been obtained by false pretences by the defendant, the indictment is equally wanting in certainty and precision, to say nothing of an apparent defect for duplicity. Who was the maker or the payee or holder of the promissory notes referred to is not alleged. For aught that appears the defendant himself may have been the owner and holder of the notes. If the proper reading of the indictment be, as we think it is, that by the false pretences only the indorsements and signatures of the wife and her husband to the two promissory notes were obtained, it would seem to be very questionable whether, by any fair construction, the obtaining of such indorsements would be within the meaning of the statute which provides for punishing "any person who shall by any false pretence obtain from any other person any *chattel, money, or valuable security*, with intent to defraud any person *of the same*." *Code, Art.* 27, *sec.* 82. See case of *People vs. Stone*, 9 *Wend.*, 182, 190. The statute, by its terms, would seem clearly to contemplate a subsisting security of which the party could be deprived by fraud and false pretence, and of which he could have restitution, as by the statute it is provided he may; and not simply the obtaining of a signature to an instrument by false pretence, as where, in some of the States, such act is made criminal by express statute. *People vs. Stone, supra.*

But the indictment is radically defective in another particular, and that is, in its failure to allege distinctly the ownership of the property or securities obtained. It is settled by all the authorities, that it is no less requisite in indictments for obtaining property by false pretences, that the ownership of the property or securities obtained should be distinctly alleged, than it is that such averments should be made in indictments

State *vs.* Blizzard.

for larceny. The cases are numerous where it has been held that the omission to allege the ownership of property was fatal to the sufficiency of the indictment, even after conviction. *Reg. vs. Martin & Wife,* 8 *Adol. & El.,* 481; *Reg. vs. Norton,* 8 *Carr. & P.,* 196; *Reg. vs. Parker & May,* 3 *Q. B.,* 293; 2 *Whart. Cr. L.* (*7th ed.*), *sec.* 2157. And since the *Stat.* 14 & 15 *Vict., ch.* 100, *sec.* 8, apparently the prototype of our Act of 1862, ch. 80, whereby it is declared that it shall be sufficient, in any indictment for obtaining goods or property by false pretences, to allege that the defendant did the act with intent to defraud, without alleging the intent of the defendant to be to defraud any particular person, it has been held, upon full consideration, that that statute did not render it unnecessary to allege the ownership of the goods or money in the indictment, as formerly required. *Sill vs. Reg., Dears. Cr. C.,* 132; *S. C. on error,* 1 *El. & Bl.,* 553. As Lord CAMPBELL, C. J., said in the case just referred to, "section 8, upon which a plausible argument was suggested, shows that the Legislature intended only to make it unnecessary to specify the individual defrauded, making it sufficient to show that there was an intent to defraud. But that does not obviate the necessity of showing to whom the goods belonged."

The indictment being bad on demurrer, the judgment of the Court below must be affirmed.

*Judgment affirmed.*

(Decided 26th March, 1889.)