STATE OF MARYLAND

vs.

JOHN EDWARDS.

*False pretenses: sufficiency of indictment. Indictments: negativing exceptions.*

The offense of obtaining goods or chattels by false pretenses, with intent to defraud, is a misdemeanor, and is made punishable by section 122 of Article 27 of the Criminal Code.    p. 594

It is essential to the validity of an indictment, that the particular offense should be charged with reasonableness and certainty, and that it should allege all the matters that are material to constitute the charge made against the accused.          p. 595

By section 498 and section 501 of Article 27 of the Criminal Code, the Legislature has removed the necessity for some of the technical allegations of fraud formerly required in indictments for obtaining goods under false pretenses.          p. 595

Under these sections of the Criminal Code, an indictment charging that J. E., etc., did, by false pretense, etc., to D. L., who was then and there the agent and servant of L. W. (which said false pretense was not * * * a mere promise of future payment, etc., * * *), unlawfully, etc., did obtain from L. W., a clock, etc., etc., etc., is not demurrable, although the indictment fails to charge that said D. L. was at the time acting within the scope of his authority as such agent and servant of L. W. p. 596

In general, indictments may set out facts according to their legal import, or according to their outward form.    pp. 597, 598

What one does through his agent, he does, as a matter of law, himself.                    p. 598

Indictments of statutory offenses are sufficient when set out in the words of the statute, and the traverser is brought within their terms.                    p. 598

*Decided January 12th, 1915.*

Appeal from the Criminal Court of Baltimore City.
(ELLIOTT, J.)

The facts are stated in the opinion of the Court.

The case was submitted on brief to BOYD, C. J., BRISCOE,
BURKE, THOMAS, PATTISON, URNER, CONSTABLE and STOCK-
BRIDGE, JJ.

*Edgar Allan Poe, The Attorney-General, Wm. F. Broen-
ing, The State's Attorney for Baltimore City,* and *Horton
S. Smith, Assistant State's Attorney for Baltimore City,*
filed a brief for the appellant.

BRISCOE, J., delivered the opinion of the Court.

This case was submitted without oral argument. The in-
dictment contains three counts. The first charges the trav-
erser with obtaining one clock of the value of eight dollars,
from Louis R. Wolf by a certain false pretence made to one
Dundas Logan, who was then and there the agent and servant
of the said Wolf, with intent to defraud, knowing the false
pretence to be false.

The second count charges the larceny of the property, and
the third with receiving the property knowing it to have been
stolen.

The traverser demurred to the first count, and his demurrer
was sustained, and a judgment entered in favor of the trav-
erser, upon this count. He was tried before the Court, with-
out a jury, upon the second and third counts upon the plea
of not guilty and was acquitted.

From the action of the Criminal Court of Baltimore City
in sustaining the demurrer to the first count of the indict-
ment, the State has appealed.

The single question in the case is as to the sufficiency and
validity of the first count of the indictment, which was de-
clared by the Court below to be bad, and insufficient to sus-
tain a conviction under it.

The first count as set out, in the record is as follows:

"The jurors of the State of Maryland, for the body
of the City of Baltimore, do on their oath present that
John Edwards, late of the City of Baltimore afore-
said, on the twenty-eighth day of February, in the
year of our Lord nineteen hundred and fourteen, at the
City of Baltimore aforesaid, by a certain false pre-
tence by him then and there made to Dundas Logan,
who was then and there the agent and servant of
Louis R. Wolf (which said false pretense was not then
and there a mere promise for future payment, and
was not then and there a mere promise for future pay-
ment not intended to be performed), unlawfully, know-
ingly and designedly did obtain from Louis R. Wolf
one clock of the value of eight dollars current money,
of the goods, chattels, moneys and property of Louis
R. Wolf with intent then and there to defraud, he, the
said John Edwards, then and there well knowing the
said false pretence to be false then and there, con-
trary to the form of the Act of Assembly in such case
made and provided, and against the peace, government
and dignity of the State."

The offense of obtaining goods or chattels by false pretense
with intent to defraud is a misdemeanor in this State, and is
punished as provided in section 122, Art. 27, Vol. 3, of
Bagby's Code.

This section provides that:

"Any person who shall by any false pretense obtain
from any other person any chattel, money or valuable
security, with intent to defraud any person of the
same, shall be guilty of a misdemeanor, and being con-
victed thereof, shall be liable, at the discretion of the
court, to be punished by fine and imprisonment, or by
confinement in the penitentiary for not less than two
years nor more than ten years, as the court shall
award, provided always, that if upon the trial of any
person, indicted for such misdemeanor it shall be

proved that he obtained the property in question in any such manner as to amount in law to larceny or robbery, he shall not by reason thereof be entitled to be acquitted of such misdemeanor, and no person tried upon such misdemeanor shall be afterwards liable to be prosecuted for larceny or robbery upon the same facts; and provided also, that a mere promise for future payment, though not intended to be performed, shall not be sufficient to authorize a conviction under this section."

It is a well settled rule of criminal pleading, that it is an essential requisite to a valid indictment that the particular offense should be charged with reasonable clearness and certainty and that it should allege all matters material to constitute the offense charged against the accused, one of the objects being to enable the accused to plead a former acquittal or conviction in bar of a second prosecution for the same offense.

In indictments for obtaining goods and chattels by false pretenses the Legislature of the State, by statute, has removed the necessity for some of the technical allegations of fact, formerly required in indictments of this class of cases.

By section 498 of Article 27 of the Code, it is provided, that in any indictment for false pretenses, it shall not be necessary to state the particular false pretense intended to be relied on in proof of the same, but the defendant on application to the State's Attorney before trial, shall be entitled to the names of the witnesses and a statement of the false pretenses intended to be given in evidence. And by section 501 of the same article of the Code, it is further provided, it shall be sufficient in any indictment for obtaining any property by false pretenses to allege that the defendant did the act with the intent to defraud, without alleging the intent of the defendant to be to defraud any particular person, and upon trial, it shall not be necessary to prove an intent on the part of the defendant to defraud any particular person, but

it shall be sufficient to prove that the defendant did the act charged with an intent to defraud.

We have examined the case with care, and fail to find any reasonable ground upon which the traverser's demurrer to the first count of this indictment should have been sustained. The count is in the usual form and it seems to us, charges all the essential matters necessary to constitute the offense of obtaining property by false pretenses, as provided by the statute.

While it appears from the docket entries, that the traverser's demurrer to the first count was entered short, it is stated in the brief filed on behalf of the State, there being no brief filed on the part of the appellee, that the only point made by the attorney for the traverser was that the indictment in charging that the false pretense was made to Dundas Logan, who was then and there the agent and servant of Louis R. Wolf, did not charge that said Logan was at that time acting within the scope of his authority as such agent and servant of Louis R. Wolf. It was on this ground that the demurrer was sustained.

Conceding this to be true, it is difficult to perceive how this omission could be held to be sufficient to make the first count of the indictment defective and render it bad upon a demurrer.

The allegation of the indictment is, that the property of Louis R. Wolf was unlawfully, knowingly and designedly obtained from him (Wolf) the owner of the property, by a certain false pretense made by the traverser to Dundas Logan, who was then and there the agent and servant of Louis R. Wolf. In other words, the indictment charged that the property of Wolf, the principal, was obtained from him by means of a false pretense made to his agent and servant, Dundas Logan.

The averment in this count, would clearly be sufficient to sustain a conviction under the indictment, if supported by proof, as required in such cases.

In *Owens* v. *State,* 83 Wis. 496, it was said: Had it been shown that Newman was the cashier or agent of the bank, then the false pretenses made to him would have been made to the bank and the money obtained from the bank, its owner, through its authorized agent.

In *Schaumloeffel* v. *The State,* 102 Md. 470, it was held that a charge in an indictment of obtaining by false pretense "eighteen hundred dollars current money" could be sustained and supported by proof, that a check for that sum was given to the defendant and that he obtained the money by means thereof.

Mr. Bishop, in his work on *New Criminal Procedure,* Vol. 1, sec. 332, Second Edition, says, the indictment properly charges all the facts whereof the judges do not take cognizance and it need not do more. The rule for indictment, subject to exceptions, is, it may set out the facts according to the legal import, or their outward form, at the pleader's election. Thus, what one does through his agent, he does in matter of law himself. So that if James as the agent of Samuel pays money to Richard, the payment is in law from Samuel to Richard; and the pleader may if he chooses so allege it, not even mentioning the name of James. Or, if a sale is made to one as agent for another, the indictment may charge it as made to the latter. Yet it may equally well set out the transaction according to its outward form, introducing the name of the agent; or, in the latter case, charge the sale as made to the agent. *State* v. *Wentworth,* 35 N. H. 442; *Commonwealth* v. *Call,* 21 Pick. 515; *Reg.* v. *Mosely,* 9 Cox C. C. 16.

In *People* v. *Fitzgerald,* 92 Mich. 328, it is charged that the traverser obtained certain money from Berry Bros. by a false pretense made to Joseph H. Berry, one of the members of the firm. It was contended that the authority of Joseph H. Berry to give the money did not appear, but the Court held that the allegation that Joseph H. Berry, to whom the

pretence was made, was a member of the firm of which the money was obtained was sufficient to meet this objection.

It is well settled, that the averments of an indictment may be proved according to their legal effect. An averment of a sale by A. is supported by proof of a sale made by B., his agent, and an averment of a sale to A., is supported by proof of a sale to B., his agent. *Commonwealth* v. *Park,* 1 Gray, 553; *Commonwealth* v. *Jeffries,* 7 Allen, 548.

Mr. Hochheimer, in his work on *Criminal Law,* sec. 163, Second Edition, says, "an averment that the defendant received money from A. is established when it appears that the money was in fact paid to the defendant by B., acting as A.'s agent. A charge of obtaining money from A. by means of a false pretense is sustained by proof that the pretense was made to B., who communicated it to A., and thereupon, by the latter's direction, paid the money to the defendant. *Commonwealth* v. *Bagley,* 7 Pick. 279; *Commonwealth* v. *Call,* 21 Pick. 515.

Indictments for statutory offenses, of course, are sufficient when set out in the words of the statute, and when the traverser is brought within their terms. *Dickhaut* v. *State,* 85 Md. 458.

The indictment in this case, we think, sufficiently described the offense, for which the traverser was indicted, and is fully approved by the adjudged cases in this State. *State* v. *Blizzard,* 70 Md. 385; *Denton* v. *State,* 77 Md. 527; *Carnell* v. *State,* 85 Md. 1; *Jules* v. *State,* 85 Md. 305; *Schaumloeffel* v. *State,* 102 Md. 470.

For the reasons stated the judgment of the Court below must be reversed and a new trial awarded on the first count of the indictment.

*Judgment reversed, cause remanded for a new trial on the first count of the indictment.*