ERBA ARMACOST

*vs.*

STATE.

*Indictments: statutory offenses; false pretenses; nature and ownership of property; Code, Sec. 123, Art. 27.*

An indictment charging a statutory offense is sufficient if it describes the offense in the words of the statute.     p. 293

This rule refers simply to the definition and characterization in regular terms of the criminal offense alleged in the indictment. It does not affect the requirement that all indictments should sufficiently identify the specific charge intended to be preferred.     pp. 293-294

In an indictment under Section 123 of Article 27 of the Code for obtaining credits, goods and wares, etc., by false pretenses, the nature and also the ownership of the goods must be described, and an allegation that the goods, etc., were obtained from a designated person is not equivalent to an averment that such person was the owner.     p. 293

*Decided November 15th, 1918.*

Appeal from the Circuit Court for Baltimore County. (McLANE, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*T. Scott Offutt,* for the appellant.

*Phillip B. Perlman, Assistant Attorney General,* and *Ogle Marbury, Acting Attorney General,* (with whom were *Albert C. Ritchie, the Attorney General,* and *George Hartman, State's Attorney,* for Baltimore County), for the appellee.

URNER, J., delivered the opinion of the Court.

The appellant was convicted under an indictment which charged that he, Erba Armacost,

"unlawfully and wilfully did obtain certain credits, goods and wares of the value of one hundred and thirty-two dollars current money of the United States from a certain Vincent T. Caples, with intent then and there him the said Vincent T. Caples to defraud by means of a certain check drawn upon the First National Bank of Hampstead (a body corporate), not indebted to the said Erba Armacost, the said Erba Armacost not providing for the payment and acceptance of the said check, the same not being paid upon presentation * * * ."

A demurrer to the indictment was filed on the ground that it omits to allege the nature or ownership of the "credits, goods and wares" to which it refers. The principal question on this appeal is whether the demurrer was properly overruled.

The statute under which the appellant was indicted is codified as section 123 of Article 27 of the Code of Public General Laws, having been enacted by Chapter 281 of the Acts of 1914. It provides in part as follows:

"Every person who, with intent to cheat and defraud another, shall obtain money, credit, goods, wares or anything of value by means of a check, draft or any

other negotiable instrument of any kind drawn upon
any bank, person, firm or corporation, not indebted to
drawer, or where he has not provided for the pay-
ment or acceptance, and the same be not paid upon
presentation, shall be deemed to have obtained such
money, credit, goods or things of value by means of a
false pretense, and upon conviction shall be fined or
imprisoned, or both, as provided in Section 122 of this
Article, at the discretion of the Court."

By section 122 it is provided:
"Any person who shall by any false pretense obtain
from any other person any chattel, money, or valuable
security, with intent to defraud any person of the
same, shall be guilty of a misdemeanor, and being con-
victed thereof, shall be liable, at the discretion of the
Court, to be punished by fine and imprisonment, or by
confinement in the penitentiary for not less than two
years nor more than ten years, as the Court shall
award * * * ."

In the case of *State* v. *Blizzard,* 70 Md. 385, an indict-
ment for false pretenses was held to be demurrable because it
did not name the owner or contain a sufficient description of
the securities obtained through the alleged deception. The
indictment in that case charged that the defendant "by cer-
tain false pretense by him then and there made to Richard
Manning, unlawfully, knowingly and designedly did obtain
from Richard Manning a certain valuable security, to wit, a
certain bill of sale or mortgage, of personal property, for the
payment of $600 on condition, executed by one, John Bliz-
zard, to Annie M. Blizzard and Samuel Blizzard; and cer-
tain other valuable securities, to wit, the endorsement and
signature of the said Annie M. Blizzard to two certain prom-
issory notes for the payment of $300 each, and the signature
of Samuel M. Blizzard, her husband, with her, the said
Annie M. Blizzard, to said promissory notes, with intent then
and there to defraud * * *." This Court, in holding the in-

dictment defective, partly on the ground that it did not allege the ownership of the securities, said, in its opinion as delivered by CHIEF JUDGE ALVEY: "It is settled by all the authorities, that it is no less requisite in indictments for obtaining property by false pretenses, that the ownership of the property or securities obtained should be distinctly alleged, than it is that such averments should be made in indictments for larceny. The cases are numerous where it has been held that the omission to allege the ownership of property was fatal to the sufficiency of the indictment, even after conviction." The conclusion thus reached was not affected by statutory provisions which were then considered and are here relied upon, that "in any indictment for false pretenses, it shall not be necessary to state the particular false pretenses intended to be relied on in proof of the same, but the defendant, on application to the State's Attorney before the trial, shall be entitled to the names of the witnesses and a statement of the false pretenses intended to be given in evidence" (Code, Art. 27, sec. 498), and that "it shall be sufficient in any indictment * * * for obtaining any property by false pretenses, to allege that the defendant did the act with the intent to defraud, without alleging the intent of the defendant to be to defraud any particular person" (Code, Art. 27, sec. 501). It was held in the case just cited, that "while there is no longer a necessity for specially alleging in the body of the indictment the particular false pretenses made use of by the defendant, as means of perpetrating the fraud, the indictment in other respects must have that degree of certainty and precision that will fully inform the accused of the special character of the charge against which he is called upon to defend, and that will enable the Court to determine whether the facts alleged upon the face of the indictment are sufficient in the contemplation of law to constitute a crime; and, whether the trial be followed by acquittal or conviction, that the record may stand as a protection against further prosecution for the same alleged offense."

It is said in 11 *Ruling Case Law*, pp. 860, 861, that in indictments for obtaining goods under false pretenses the property should be sufficiently described "to enable the jury to decide whether the chattel proved to have been obtained is the same as that upon which the indictment was founded," and that "the numerical weight of authority is to the effect that in the absence of statute the indictment must allege directly and distinctly the ownership of the property obtained, or state some legal excuse for omitting that averment," citing, with other cases, *State* v. *Blizzard, supra.* The text of *Cyc,* Vol. 19, pp. 432, 434, is to the same general effect. The requirements as to the statement of ownership and nature of the property, in false pretense cases, were observed in the indictments under consideration in *Jules* v. *State,* 85 Md. 305; *Carnell* v. *State,* 85 Md. 1; *State* v. *Edwards,* 124 Md. 592; *Schaumloeffel* v. *State,* 102 Md. 470.

In the present case, as in *State* v. *Blizzard, supra,* the allegation that the property was obtained from a designated person could not be held to be equivalent to an averment that he was the owner; and here the indictment gives no information whatever as to the nature of the property, while in the former case the indictment did describe, though imperfectly, the securities obtained by the alleged fraud.

The indictment before us must, therefore, be held insufficient unless it can be sustained upon the theory, submitted by the prosecution, that it follows the language of the statute by which the act of obtaining money, credit or property, with intent to defraud, by means of a worthless check, is treated and penalized as a special form of false pretense.

It is a settled rule that a statutory offense is sufficiently charged if the indictment describes it in the language of the statute by which it is created. *State* v. *Edwards, supra; Mulkern* v. *State,* 127 Md. 43; *Smith* v. *State,* 130 Md. 484. This rule has reference simply to the definition and characterization in legal terms of the criminal offense to be al-

leged in the indictment. It does not affect the requirement that the indictment should sufficiently identify the specific charge intended to be preferred. In this instance the offense defined by the statute is the act of obtaining property, with intent to defraud, by means of a check for which no means of payment had been provided. Such an offense could be described in the language of the statute without any identity being given to the particular charge. In describing the check alleged to have been used as a false pretense the present indictment does more than follow the mere language of the statute, and furnishes an important part of the information which is held to be requisite in such cases. But in omitting any allegation as to the nature or ownership of the "credits, goods and wares," to which it thus indefinitely refers, it disregards a rule of criminal pleading which is useful and reasonable in its purpose and capable of being readily observed, and we must, therefore, hold that the demurrer should have been sustained.

There are numerous exceptions to the rulings on the admissibility of evidence, but in our review of them we have discovered no reversible error.

*Judgment reversed and case remanded.*