KNOTTS *v.* STATE

[No. 117, September Term, 1964.]

*Decided February 4, 1965.*

418

The cause was argued before PRESCOTT, C. J., and HORNEY, MARBURY, SYBERT and OPPENHEIMER, JJ.

*W. Dwight Stover* for appellant.

*Robert L. Karwacki, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *Fred A. Thayer, State's Attorney for Garrett County,* on the brief, for appellee.

PRESCOTT, C. J., delivered the opinion of the Court.

Appealing from a judgment and sentence of six years' confinement in the Penitentiary, the appellant claims the trial court committed three errors: (1) that the court should not have permitted the State to amend the indictment, but should have granted the appellant's motion to dismiss; (2) that certain articles taken from his automobile should not have been admitted into evidence; and (3) that his oral confession was not admissible.

On November 23, 1963, a man, armed with a shotgun, entered a restaurant located on Route 50 in Garrett County. Olive Teets Smith, the wife of the proprietor, and two employees were working therein. The man told the women that it was a hold-up, threatened them with the shotgun, and proceeded to empty the cash register of some $100. He left the scene in a red and black Ford automobile.

The police, both State and local, were promptly notified and given a description of the man, his clothing, the shotgun and the auto. On December 4, 1963, Trooper Lewis, of the State force, received information, while cruising on patrol, that a red and black Ford was being operated in that vicinity with registration plates issued for another automobile. Later, upon observing the automobile, which was being operated by the appellant, the Trooper brought it to a stop, and discovered that

appellant had no operator's license. He was immediately placed under arrest. At this time, the Trooper saw a single-barreled shotgun in the automobile (which answered the description of the shotgun used in the robbery, previously given by the victims).

After the arrest, Trooper Lewis radioed for additional officers, and Corporal Henline and another officer arrived on the scene shortly thereafter. Trooper Lewis brought the appellant to the Sheriff's office in Oakland, and Corporal Henline drove appellant's car to the Sheriff's office, where a search of the car revealed the shotgun, which had been seen by Trooper Lewis, and a dark cap, which were seized.

The officers, because of the previous descriptions received by them of the car, of the man who committed the robbery, his clothing, and the shotgun, felt there was a strong probability that appellant was the one who had taken the money from the cash register in the restaurant. Consequently, they began to interrogate appellant concerning the robbery very shortly after his arrival at the Sheriff's office. Approximately three hours after his arrest, he made an oral confession of his guilt of the robbery. More will be said of the confession when we consider whether or not it was properly admitted into evidence.

## I

The appellant was tried upon a single indictment, which contained four counts: the first charged him with robbery of Olive Teets Smith; the second with an attempt to rob—using in said attempt a deadly weapon — the said Olive Teets Smith; the third with an assault with intent to rob the said Olive Teets Smith and the two employees; and the fourth with simple assault upon the said Olive Teets Smith and the two employees.

The appellant filed a motion to dismiss the indictment on several grounds. The principal ground (and the only one seriously pressed here) was that the third and fourth counts were duplicitous because they charged "offenses against three different individuals." The court below permitted the State to amend the indictment by deleting from both the third and fourth counts thereof the names of the two employees of the restaurant. It is obvious (and conceded) that all four counts of the indict-

ment relate to the same transaction. Therefore, if we assume, without deciding, that the third and fourth counts were duplicitous, the above action, in effect, was an election by the State to try the defendant for one only of the offenses charged in each of the two counts alleged to be duplicitous, by taking a *nolle prosequi* as to all other offenses charged in the said counts. This procedure seems generally to be recognized as proper and permissible. *State v. Cooper* (N. C.), 8 S. E. 134; *State v. Williamson* (N. C.), 108 S. E. 2d 443, where a warrant was involved; *Comm. v. Holmes,* 119 Mass. 195; *Hochheimer's Criminal Law* (2 ed.), p. 114; *State v. Weleck* (N. J.), 91 A. 2d 751; *State v. Torrance* (N. J.), 125 A. 2d 403. Cf. *Curry v. State,* 117 Md. 587; *State v. McNally,* 55 Md. 559; 42 C.J.S. *Indictments and Informations,* § 186.

In *State v. Lamb* (N. J.), 80 A. 111, the Court stated:

> "It savors of technicality to hold an indictment bad merely because, through defective pleading, too much has been charged against the defendant. * * *. No harm can be done the defendant by permitting the State to strike one of the charges from the indictment. This course secures to the defendant his constitutional right to an indictment by a grand jury, and prevents a possible miscarriage of justice through defective pleading. * * *. It will be for the State to elect on which charge the defendant shall be tried."

We agree and hold that the trial court committed no error in permitting the State to elect as set forth above.

In addition to what we have stated above, it is difficult to discern how any possible prejudice resulted to the appellant from the trial court's action. The first count charged armed robbery and was admittedly sufficient in form and substance. There was a general verdict of guilty, and the sentence was well within the statutory maximum for the offense named in said count. The general verdict of guilty was a finding of guilt on the first count (as well as on the others); hence the judgment and sentence pronounced herein should be sustainable under that count, even if there were no other counts in the indictment. *Burk v. The State,* 2 Harr. & Johnson, 426; *Manly v. State,* 7 Md. 135;

*Berger v. State,* 179 Md. 410; *Bryant v. State,* 229 Md. 531. Cf. *Mazer v. State,* 212 Md. 60.

## II

The contention of appellant that the shotgun and cap taken from his automobile after his arrest were inadmissible needs no elaborate discussion. We hold that the evidence permitted a finding by the trial judge that appellant was lawfully arrested for a misdemeanor which had been committed in the officer's presence; namely, the driving of an automobile without an operator's permit. Code (1957), Article 66½, Section 86. *Braxton v. State,* 234 Md. 1; *Jenkins v. State,* 232 Md. 529. As the arrest was lawful, the seizure of the shotgun and cap was reasonable, and they were properly admitted. *Braxton v. State; Jenkins v. State,* both *supra.* There was no question here of a delayed search such as that involved in *Preston v. United States,* 376 U. S. 364.

## III

The appellant's final contention that his confession was improperly admitted into evidence has little, if any, merit. In fact, it is difficult to pin-point just what his contention really is. His brief states: "It is respectfully submitted a reasonable probability existed in the present case the Appellant would make a false confession." The officers testified that no threats, promises, or inducements were made to the appellant to induce his confession. This evidence was uncontradicted. Corporal Henline testified appellant was advised of his constitutional right to remain silent and anything he told the officers could be used against him in the prosecution of the case. This advice was given him some two hours before he made a statement. This, too, was not denied. About three hours after his arrest, he confessed that he had committed the armed robbery at the restaurant. The State, we think, met its burden of showing that the confession was freely and voluntarily made; consequently, we hold that it was properly admitted.

*Judgment and sentence affirmed.*