## OLAN CHARLES *v.* STATE OF MARYLAND

[No. 104, Initial Term, 1967.]

*Decided April 25, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and PROCTOR, J., Associate Judge of the Third Circuit, specially assigned.

*Doris P. Scott* for appellant.

*Alan M. Wilner, Assistant Attorney General,* with whom were *Thomas B. Finan, former Attorney General,* and *Walter M. Baker, State's Attorney for Cecil County,* on the brief, for appellee.

ANDERSON, J., delivered the opinion of the Court.

The appellant, Olan Charles, was tried in the Circuit Court for Cecil County under an indictment which contained thirteen counts. At the time of his arraignment he pleaded guilty to the fourth and fifth counts (forgery and uttering) and not guilty to the remaining eleven counts. Upon his guilty plea he was sentenced to ten years in the Maryland Penitentiary upon each count, sentences to run concurrently. From the judgments and sentences he now appeals to this Court.

On his appeal he raises seven contentions: (1) that counts four through thirteen relating to forgery and uttering are defective and do not charge an offense; (2) that the verdict and sentence on count four is illegal; (3) that representation of defendant was so inadequate as to constitute a denial of due process; (4) the court erred in not permitting defendant to change his guilty pleas; (5) that his plea of guilty was involuntarily made under inducement of a lesser sentence; (6) that the sentence imposed constituted cruel or unusual punishment; (7) and that the lower court was prejudiced.

I

Appellant contends that counts four through thirteen of the indictment are defective in that they fail to describe the owner of the bill of exchange, the maker or drawer thereof and whose name was forged. Since appellant was convicted only on the fourth and fifth counts and the State confessed a plea of not guilty to the remaining counts it is not necessary to consider the validity of counts six through thirteen.

The fourth count says, in part, "that the said Olan Charles— on or about the 14th day of January, in the year of our Lord nineteen hundred and sixty-six, at the County aforesaid, with intent to defraud, unlawfully and feloniously did falsely make, forge and counterfeit a certain bill of exchange for the payment of money, to wit: a check drawn on the Elkton Banking and Trust Company of Maryland, Elkton, Maryland, payable to one Ross A. Wharton, in the amount of seventy-nine dollars and three cents ($79.03), current money; * * *"

The language of the fifth count is identical except it charges that the defendant "did utter and publish as true a certain forged and counterfeit bill of exchange for the payment of money, to wit, * * *."

It is, therefore, apparent that the name of the drawer of the check is missing from the fourth and fifth counts.

Appellant argues that the failure of the State to name the maker of the check rendered the indictment fatally defective and that such defect was not cured by the defendant's guilty plea. In support of his argument he relies upon three Maryland cases: *State v. Blizzard,* 70 Md. 385; *Armacost v. State,* 133 Md. 289; and *State v. Lassotovitch,* 162 Md. 147. However, in *State v. Blizzard, supra,* the indictment found defective was for obtaining money and securities by false pretenses. In sustaining the demurrer to the indictment the court found that the indictment lacked certainty and precision in the allegations essential to constitute the crime (false pretenses). There the court stated that the statute contemplated a subsisting security of which the party could be deprived by fraud and false pretense and of which he could have restitution, and not simply the obtaining of a signature to an instrument by false pretense. It further found the indictment, defective in its failure to allege distinctly the ownership of the property or securities obtained.

There is an obvious distinction between the two cases. In the *Blizzard* case an essential element of the crime was not alleged at all, namely, that a security was in fact obtained by the defendant. Here every necessary element of the crime has been alleged, the question being the sufficiency of the allegation. The indictment states that a bill of exchange was forged or uttered. At issue is merely whether the instrument is sufficiently de-

scribed. The Court also found in *Blizzard* that ownership was not alleged. That is not applicable here. The offense of obtaining securities or other things of value by false pretenses requires that the items be obtained "from any other person." *State v. Blizzard,* 70 Md. 385, 390; Article 27, Section 140, Maryland Code. Unless the owner of the items is identified, or some allegation made that they did not belong to the accused, an essential element of the crime is lacking. In the case of forgery and uttering an allegation as to ownership of the check is not essential because it is not relevant. Forgery is "the fraudulent making of a false writing having apparent legal significance." *Nelson v. State,* 224 Md. 374, 378. Since ownership is not an essential element of the crime, it need not be alleged in the indictment. In *Armacost v. State,* 133 Md. 289 (1918) relied on by appellant, the indictment was for obtaining credits by false pretenses, and ownership of the credits, an allegation as to which was lacking from the indictment, was held to be essential. Neither the holding nor the reasoning of this case is applicable to a charge of forgery.

In *State v. Lassotovitch,* 162 Md. 147, the indictment in question was for paying workers less than the minimum wage. The court sustained the demurrer to it because it did not name the workmen allegedly underpaid. This test for sufficiency adopted by the court was that an indictment must include at least two elements: First, the characterization of the crime; and, second, such description of the particular act alleged to have been committed by the accused as will enable him to properly defend against the accusation. The second element requires such definite and specific allegations as reasonable to put the accused on notice of the particular act charged to enable him to prepare a defense and plead the judgment in any subsequent attempted prosecution. Here the fourth and fifth counts of the indictment specify: (1) the date on which the crime was committed; (2) intent to defraud; (3) allegation of forging a check; (4) the payee or drawee of the check; and (5) the amount of the check. We find that the facts set forth above are sufficient to apprise the appellant of the crime with which he is charged even though these counts of the indictment fail to allege the name of the maker or drawer of the check.

## II

Appellant's next contention is that the verdict and sentence on count four is illegal and should not be permitted to stand, since the State accepted a plea of not guilty to count twelve which is identical to count four. As previously pointed out, the indictment contains thirteen counts. Count four charges the defendant with forgery and count five with uttering the check described in count four. The sixth, seventh, eighth, ninth, tenth and eleventh counts charge the defendant with forging and uttering other checks. The twelfth and thirteenth counts are identical with counts four and five. As a result we have a duplication of counts four and five set forth in counts twelve and thirteen. At the time of his arraignment appellant pleaded guilty to counts four and five and not guilty as to the remaining counts, including counts twelve and thirteen. At the time of the trial after the defendant had plead guilty to counts four and five, the State confessed a plea of not guilty to the remaining counts, including counts twelve and thirteen. At that time the lower court fully and carefully explained to the defendant counts four and five and made certain through interrogation that the defendant desired to plead guilty to these two counts, and it was on this basis that the State was willing to confess a plea of not guilty to the remaining counts in the indictment. The fact that the State confessed a not guilty plea to counts twelve and thirteen would not render the indictment illegal nor was the appellant in any manner prejudiced thereby, since he had previously pleaded guilty to counts four and five which are identical with counts twelve and thirteen. Since the fourth and twelfth were duplicitous and the fifth and thirteenth counts were duplicitous, the State could elect to try the appellant upon the fourth and fifth counts to which he pleaded guilty and could have taken a nolle prosequi as to the twelfth and thirteenth counts. *Knotts v. State,* 237 Md. 417, 420, 207 A. 2d 100 (1965). Here the State went even further in confessing a plea of not guilty rather than entering a nolle prosequi. As pointed out in the *Knotts* case, quoting from *State v. Lamb* (N. J.), 80 A. 111, the court stated:

"* * * It savors of technicality to hold an indictment bad merely because, through defective pleading,

too much has been charged against the defendant. * * * No harm can be done the defendant by permitting the State to strike one of the charges from the indictment. * * *"

We agree and hold that the trial court committed no error in permitting the State to confess a plea of not guilty as to the twelfth and thirteenth counts, since a plea of guilty had already been accepted to the fourth and fifth counts.

### III

Appellant's third contention is that his representation by court-appointed counsel was so inadequate as to constitute a denial of due process. The point cannot be raised here for the first time. Maryland Rule 1085; *Howard v. State,* 240 Md. 699, 213 A. 2d 288 (1965) ; *Brown v. State,* 237 Md. 492, 207 A. 2d 103 (1965) ; *Stevens v. State,* 230 Md. 47, 185 A. 2d 194 (1962).

In any event, however, the complaint of inadequacy of counsel is not supported by the record. He complains that since counsel was appointed on March 10, 1966 at approximately 10 :00 a.m. and the trial was held at 3 :50 p.m. on the same day there was not sufficient time with which counsel could acquaint himself with the charges as set forth in the indictment. However, the record discloses that after his court-appointed counsel had fully discussed the case with him, counsel then conferred with the State's Attorney, and then after further conferring with the appellant, appellant came to the conclusion that it would best serve his purpose to plead guilty to the fourth and fifth counts, provided the State would agree to abandon the remaining eleven counts. Appellant never requested a continuance to prepare his defense and when asked by the court if he was ready for trial answered "yes, sir" and at that time entered a plea of guilty to the fourth and fifth counts.

It is only when representation is so deficient as to go to the very fairness of the trial that an accused is entitled to a new trial on the ground of inadequate representation. *Pressley v. Warden,* 242 Md. 405, 219 A. 2d 25 (1966) ; *Nash v. Warden,* 243 Md. 700, 222 A. 2d 163 (1966).

## IV and V

In contentions four and five, which may be considered together, appellant contends that the court should have permitted him to change his plea in the interest of justice and that his plea of guilty was involuntarily made under inducement of a lesser sentence. We find no merit in either contention. Appellant was tried on March 10, 1966 and sentenced on March 24, 1966. At the time of his arraignment, prior to trial, appellant pleaded guilty to two counts of the indictment and not guilty to eleven counts. The not guilty pleas were accepted by the State. Later, on the day of sentencing, appellant sought to change his two guilty pleas to not guilty, which the court refused to permit. He now claims that the guilty pleas were involuntarily made and a change should have been accepted by the court.

After a plea of guilty has been accepted, as it was in this case, it is within the court's discretion whether or not to allow the plea to be stricken. Maryland Rule 722. The appellant is entitled on appeal to question whether or not there was an abuse of discretion in the trial judge's refusal to allow the appellant to withdraw his plea. *Lifshutz v. State,* 236 Md. 428, 433, 204 A. 2d 541 (1964). From the record in this case we find the appellant has made no showing that the lower court abused its discretion in refusing the appellant's motion to withdraw his pleas of guilty to the fourth and fifth counts of the indictment.

A careful consideration of the transcript at the time appellant was arraigned shows conclusively that his pleas of guilty to the fourth and fifth counts were voluntary. The court first read to the appellant the indictment and then asked him if he understood the nature of the charges, to which appellant answered in the affirmative. The court then informed him that the penalty provided on each count was from one to ten years in the Maryland Penitentiary. Counsel was then asked if he concurred in the pleas made by the defendant, to which he replied in the affirmative. The court then asked the defendant if he had ample opportunity to discuss all of the charges in connection with the indictment, to which the defendant replied in the affirmative. He was then asked by the court whether or not his attorney had explained to him his constitutional rights, including the right to be tried by court or jury, to be confronted

by witnesses against him, and all matters incidental to a fair and impartial trial, to which the defendant answered in the affirmative. He was then asked if his plea was given freely and voluntarily without threat or fear to himself or anyone closely related to him, to which he replied in the affirmative. He was then asked if anyone made any promise of a lesser sentence, promise of probation, any reward, immunity, or anything else to induce him to plead guilty, to which he replied, "No sir." He was then asked if he understood the question previously asked him, and if not, the court would explain it so he could understand, to which the defendant replied, "I understand." Lastly, he was asked if he understood that the matter of probation and sentence is to be determined solely by the court, to which he replied, "Yes, sir."

It was only after these questions that the court agreed to accept the pleas of guilty. Furthermore, when the court asked for testimony as to the reasons for changing the pleas prior to sentencing, none was offered. In view of the appellant's failure to offer evidence as to why his guilty pleas should be stricken and upon his previous admissions we hold that appellant has made no showing that the lower court abused its discretion in refusing appellant's motion to withdraw the pleas.

## VI and VII

The appellant's sixth contention is that the sentence imposed constituted cruel and unusual punishment, and his seventh contention is that the lower court was prejudiced. We may consider these together.

It is now well established that "any sentence within the limit prescribed by law is valid and does not constitute cruel and unusual punishment in violation of the constitutional protections." *Morrison v. State,* 234 Md. 87, 198 A. 2d 246 (1964) ; *Duff v. State,* 229 Md. 126, 182 A. 2d 349. Article 27, Section 44 of the Code (1957) cites the maximum penalty for forgery as ten years in the penitentiary and for uttering a similar penalty, and, therefore, the sentence imposed, namely, ten years in the Maryland Penitentiary on each count, to run concurrently, is within the statute and plainly legal. In view of the de-

fendant's prior record we cannot say that the lower court was not justified in imposing such sentences.

We find nothing in the transcript to indicate that the lower court was prejudiced.

*Judgment affirmed.*