## GEORGE R. CARROLL *v.* WARDEN, MARY-LAND PENITENTIARY

[No. 38, Initial Term, 1967.]

*Decided July 14, 1967.*

Before ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from an order dated June 23, 1966 by Judge Kathryn J. Shook, in the Circuit Court for Montgomery County, denying relief sought by the applicant under his second petition filed pursuant to the provisions of the Uniform Post Conviction Procedure Act.

Applicant, who was represented by counsel and pleaded not

guilty at his trial, was convicted of first degree murder by the court sitting without a jury and sentenced on October 15, 1951 to serve a life term. He took no appeal from that judgment.

On November 24, 1959 a hearing was held before Judge Ralph Shure on applicant's first petition for relief under the Act. Counsel representing petitioner at the post conviction hearing told the court at the outset of the proceedings that he had not made as much of an investigation as he would have liked to have made, and that he had not had an opportunity to talk to some witnesses with whom he would have liked to have talked. He further told the court that "at the end of the hearing, I may request further time." Counsel thereafter put the applicant on the witness stand and asked him the following question:

"Will you tell the court why you are here today, in as brief a way as you possibly can?"

In response to that question, applicant testified:

"Well, I am here, I am trying to receive some sort of consideration from the verdict that was rendered against me. I do not feel that I should have been convicted of first degree murder, due to the fact that evidence in the case was withheld."

During the course of the testimony presented at this hearing, it became clear that applicant was complaining that an iron jack handle allegedly wielded by the victim of the homicide, with which he struck the applicant a number of blows, and with which he was advancing upon applicant to do further damage when applicant shot him, was not physically put into evidence at the trial; and that, as a result of such non-admission, the trier of fact did not fully appreciate the circumstances under which applicant shot the victim. The other item of evidence allegedly withheld was applicant's wallet which the deceased allegedly stole from him just prior to the killing, and which was thereafter recovered from his body by police. Applicant testified at the hearing that "if the evidence had been presented as it should have been, I don't believe that I would have been convicted of first degree murder." Applicant admitted, however,

that the fact of the victim's use of the jack handle to beat him was testified to at the trial.

At the conclusion of the hearing, Judge Shure delivered an oral opinion in which he held that the matters raised by the applicant were evidentiary only and that no federal constitutional questions were involved. He denied the petition, stating that all of the matters raised had been previously adjudicated (presumably at the trial). Addressing the applicant, he stated that he was "represented by a fine lawyer" at the trial and that "if there had been anything that he could raise on an appeal that was proper, he certainly would have done it." Application for leave to appeal was denied on the ground that petitioner's contentions dealt only with evidentiary matters and were not grounds for relief under the Act. *Carroll v. Warden,* 222 Md. 618.

Applicant filed his second petition for relief under the Act on November 26, 1965, raising these contentions:
1. That he was denied due process of law.
2. That he was denied a fair trial.
3. That his attorney was inadequate.

In his petition, applicant contended that had he received a fair trial, he would have been granted a self-defense verdict, since he was not the aggressor, but rather shot the deceased to avoid bodily harm to himself. He further contended in his petition that his trial counsel offered no defense, nor any argument at the conclusion of the evidence, and that he was thus so inadequate that he was not provided with competent legal representation. He further stated in his petition that his trial counsel advised him not to appeal because the trial judge had promised him that the sentence would be reduced to ten years.

At the hearing on applicant's second petition, his counsel conceded that the question of inadequacy of trial counsel was raised in the first post conviction proceeding and finally adjudicated therein. A review of the transcript of that proceeding, however, clearly indicates that counsel's conclusion was incorrect (he told the court that Judge Shure had considered this question "at great length," which, as above indicated, was hardly the case). Counsel for the State, in like fashion, advised the court that the question of inadequacy of counsel had been raised

and finally adjudicated in the first post conviction hearing, and further erroneously advised the court that the Court of Appeals, in denying the application for leave to appeal, had also ruled on the question. After further colloquy with the court, it was agreed that the sole issue for determination on the second petition was whether the State had suppressed the jack handle and wallet, counsel for the applicant arguing that such evidence was in control of the State and had it been made available, rather than suppressed, it would have changed the court's verdict of guilt. Applicant testified at the second post conviction hearing that the items in question, though not physically produced in evidence at the trial, were the subject of testimony. Applicant's trial counsel, although summoned by the State, was not called to testify by either party, since counsel for both sides agreed that the issue of adequacy of counsel had previously been adjudicated in the first post conviction hearing. At the conclusion of the evidence, Judge Shook delivered an oral opinion in which she stated that the only issue raised by petitioner which had not been previously litigated in the first post conviction hearing was whether the State suppressed the evidence in question. From the facts presented at the hearing, she held that there had been no showing of suppression by the State, a conclusion with which we agree.

We cannot agree, however, that the issue of adequacy of trial counsel has ever been litigated, much less that it has been finally litigated within the meaning of the Act. We have secured and reviewed the transcripts of both post conviction proceedings and it is apparent to us that the principal thrust of applicant's complaint is that his trial counsel was constitutionally inadequate in not having introduced into evidence the jack handle and the wallet, so that the trier of fact could fully appreciate the circumstances giving rise to the killing. Applicant also raises, as part of his contention relating to adequacy of counsel, that he was advised not to appeal because the trial judge was going to reduce the sentence to ten years. We think the applicant has never received a fair hearing on these issues and, therefore, remand the case for an evidentiary hearing on the sole question of whether applicant's trial counsel's representation of him was "so deficient as to go to the very fairness

of the trial." See *Nash v. Warden,* 243 Md. 700; *Pressley v. Warden,* 242 Md. 405; *Charles v. State,* 1 Md. App. 222.

*Application for leave to appeal granted and case remanded for further proceedings in accordance with this opinion.*