## YOUNG *v.* WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 31, September Term, 1959.]

*Decided November 23, 1959.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-COTT and HORNEY, JJ.

PER CURIAM.

The applicant contended that the fact that he was denied counsel at his original trial amounted to a denial of due process. Judge Sodaro, after a hearing at which the appellant testified with regard to this contention, found that the applicant had not met the burden of showing that, as a result of his not being represented by counsel, some element of unfairness operated actively in the processes which resulted in his confinement. No sufficient reason has been advanced to show that this finding may have been erroneous, and we therefore see no cause for reviewing it. We also think that all other points raised by the applicant in the court below were there correctly decided by Judge Sodaro.

The applicant has sought to raise an additional question on appeal. It is not properly before us. Even if reviewable, it does not seem to present a sound contention. The applicant contends that his sentence of two years exceeds the limit of eighteen months provided by one of the larceny statutes (now Code (1957), Art. 27, sec. 342). Young was convicted on a charge of burglary. His sentence did not exceed the statutory limit for the offense of which he was convicted.

*Application denied.*