## HOLT *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 3, September Term, 1960 (Adv.).]

*Decided July 5, 1960.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-
COTT and HORNEY, JJ.

HORNEY, J., delivered the opinion of the Court.

This is the second time that Joseph R. Holt has sought re-
lief in a collateral proceeding from convictions for grand
larceny and breaking and entering and the imposition of con-
secutive sentences totaling twenty-four years in the Peniten-
tiary. This is an application for leave to appeal from a denial
of post conviction relief. The previous application for leave
to appeal was from the denial of a writ of *habeas corpus.* See
*Holt v. Warden,* 211 Md. 619, 125 A. 2d 842 (1956).

When the applicant was arraigned on December 16, 1953,
on one indictment (herein called the first), he claims he plead
not guilty to the count charging him with larceny and was
never tried therefor. On the same day he was also arraigned
on another indictment (herein called the second) and plead
not guilty to the count charging him with breaking and enter-
ing, but admits that on March 3, 1954, he changed his plea to
guilty of the latter charge. On April 21, 1954, he was sen-
tenced to fourteen years and ten years, respectively, on the
first and second indictments. The record shows that a plea
of "not guilty" to the larceny charge had been erroneously
recorded and that the clerical error had been subsequently
corrected by the clerk to "guilty," which, according to the
proof in the *habeas corpus* proceeding, was proper.

In the *habeas corpus* proceeding (211 Md. 619), the chief
contention was, since he claimed he had never been tried for
larceny, that the sentence for that offense was illegal. He also
claimed in that proceeding, since he was indicted at a non-
jury term of court, that the indictment was unlawful. Appli-
cation for the writ was denied on both points.

In the interim between the two collateral proceedings in this

State, the applicant also applied to the United States Court for the District of Maryland for a writ of *habeas corpus*. In the federal proceeding Judge W. Calvin Chesnut, after a two-day hearing, found that the applicant "did in fact plead guilty contrary to his present contention" to the count for larceny in the first indictment. The United States Court of Appeals for the Fourth Circuit affirmed the District Court in *Holt v. Peppersack,* 249 F. 2d 653 (1957).

In this post conviction proceeding, the applicant alleges that he was arraigned and sentenced on the larceny charge without benefit of counsel and still contends that he plead not guilty and was sentenced without a trial. With respect to the breaking and entering charge, the applicant contends that he plead guilty to unlocking the door but not to entering the "burglarized" premises and for that reason the trial court was without authority to sentence him for "burglary." In addition to these claims, it was further contended by the applicant, or by his court-appointed counsel, that the sentence on the larceny charge was unlawful because it had not been imposed within the time specified by the Constitution of Maryland, that the consideration by the trial court of prior convictions after plea and before sentencing was improper, and that the sentences imposed were excessive.

The contention that the applicant was sentenced for larceny on a plea of not guilty without a trial, having been previously litigated in the prior *habeas corpus* proceeding in the courts of this State (and in the District Court of Maryland as well), may not be relitigated in this post conviction proceeding. Code (1959 Cum. Supp.), Art. 27, § 645A (a) ; *Roberts v. Warden,* 223 Md. 635, 161 A. 2d 668 (1960). Absent a showing that his incarceration was the result of an element of unfairness which might not have arisen had he had legal representation, the contention by the applicant that he had been arraigned and sentenced without benefit of counsel is without merit. *Young v. Warden,* 221 Md. 584, 155 A. 2d 677 (1959). There is also no merit to the belated claim that the court lacked authority to sentence the applicant for breaking and entering since he had plead guilty of "breaking" but not "entering." That the trial court would have received

such a plea is not only unlikely, but the docket entries leave no doubt that the withdrawal of the denial plea and the substitution of the plea admitting guilt was in nowise conditional.

With respect to the remaining contentions, Judge Dorsey properly ruled that the omission of the trial court to pass sentence within a two-months period after the entry of the plea of guilty did not deprive the court of jurisdiction [cf. *Snyder v. Cearfoss,* 186 Md. 360, 46 A. 2d 607 (1946)]; that it was not improper for the court to receive and consider information concerning prior convictions of the applicant prior to pronouncing sentence [see *Jones v. State,* 221 Md. 141, 156 A. 2d 421 (1959)]; and that the sentences imposed, being within the maximums fixed by law, were not excessive (see *Young v. Warden, supra*).

Since the question concerning the legality of the indictments has been previously litigated in *Holt v. Warden, supra,* (in addition to not having been raised below in this proceeding), we are without authority to consider the claim of the applicant in this Court that the grand jury which indicted him had been unlawfully convened.

*Application denied.*