BROWN *v.* DIRECTOR OF PATUXENT
INSTITUTION

[App. No. 14, September Term, 1960.]

*Decided December 16, 1960.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

BRUNE, C. J., delivered the opinion of the Court.

In his amended petition for relief under the Post Conviction Procedure Act, the applicant, Howard Davis Brown, Jr., contended that he had been denied "constitutional rights" in connection with his hearing to determine whether or not he was a defective delinquent in that, first, he had not been furnished with a copy of the order for his examination at the Patuxent Institution to ascertain whether or not he was a defective delinquent, as required by Code (1957), Art. 31B, Sec. 6 (b), and second, that no private psychiatrist had been appointed to examine him, in accordance with Sec. 7 (b) of that Article.

The application was heard by Judge Marbury. He found that the original suggestion that Brown be sent to Patuxent for examination was made on October 15, 1958, by his then counsel just after Brown had pleaded guilty [to a charge of larceny], that it was made at the request of Brown's mother, that it was announced at the time he was sentenced, which was on the same day, that he would be sent to Patuxent for examination [the order being signed the next day], and that Brown knew the purpose of his transfer. He also found that no question had been raised as to the lack of service of a copy

at Brown's hearing before Judge Gray and a jury on June 11, 1959, on the question of whether he was a defective delinquent, at which Brown was represented by the same counsel who had represented him in the criminal case. He was employed in the original trial by Brown or his family. He was later appointed by the Court to represent Brown in the defective delinquent case.

Judge Marbury held that under Sec. 7 (b) of Art. 31B of the Code (1957), the applicant was not entitled to have the trial court appoint a psychiatrist for him. This holding was based upon the judge's reading of the terms of Sec. 7 (b) as permitting the applicant to be examined by a psychiatrist of his own choice, and providing for the filing with the court of the report of the psychiatrist making such examination, but not as requiring the court to make the appointment of the psychiatrist. His view was that the court's only obligation was to order payment out of State funds of the fee of such a psychiatrist in an amount deemed reasonable by the court. This interpretation of the statute is given in Judge Marbury's opinion in this proceeding. Substantially the same view (omitting reference to the report) was also stated by him at the time of Brown's "arraignment" in the proceedings to determine whether he was or was not a defective delinquent in an informal conference between Judge Marbury and the plaintiff's then counsel, according to the testimony of such counsel at the Post Conviction hearing. It also appears from the testimony of Brown's former counsel that he acquiesced in this interpretation of the statute, and (though his testimony as recorded is not easy to follow) it appears that he advised Brown accordingly. It further appears from his testimony that neither he nor Brown knew any psychiatrist to call upon, and that Brown, who had been in difficulties before, had been to many doctors, but did not have any particular psychiatrist. His counsel did know of one in Silver Spring. He stated: "I did contact him, but his information, which he gave me and also a letter here which I think the Defendant gave me, from him would not have helped the Defendant at all, so I didn't bother with him."

We think that the omission to raise any question about the

alleged failure to serve a copy of the order for examination at the defective delinquency hearing amounted to a waiver of any right based thereon. As to the "appointment" of an independent psychiatrist, we find it unnecessary to pass upon the correctness of the trial judge's construction of Sec. 7 (b), *supra*. But whether the trial court's construction was correct or not, this point, too, we think, was waived by acquiescence and by failure to appeal. Each of the two rights now sought to be asserted could have been brought up for review on appeal in the defective delinquent proceedings, but there was no appeal. Rights which have been waived do not afford grounds for Post Conviction relief. Code (Cum. Supp. 1960), Art. 27, Sec. 645A; *Jordan v. State,* 221 Md. 134, 156 A. 2d 453; *Banks v. Warden,* 220 Md. 652, 151 A. 2d 897; *Jackson v. Warden,* 218 Md. 652, 146 A. 2d 438; cert. den. 359 U. S. 917.

In this court Brown has sought to raise some questions which are not presented by his petition and were not before the trial court. Such questions are, therefore, not properly before this court for decision on this application and will not be considered. Code (Cum. Supp. 1960), Art. 27, Sec. 645H; *McClain v. Warden,* 220 Md. 666, 152 A. 2d 806; *Young v. Warden,* 221 Md. 584, 155 A. 2d 677; *Burgess v. Warden,* 221 Md. 609, 156 A. 2d 794 and cases therein cited; *Byrd v. Warden,* 222 Md. 577, 578, 158 A. 2d 120; *Whitley v. Warden,* 222 Md. 608, 612, 158 A. 2d 905, and cases therein cited; *Chislom v. Warden,* 223 Md. 681, 164 A. 2d 912.

There is, however, one matter which Brown has suggested in this Court relating to the proceedings in the trial court which we think should be noticed as a matter of fairness and completeness. This is the fact that court appointed counsel who represented Brown in this Post Conviction case was appointed an Assistant State's Attorney for Prince George's County a few days before this case came on for hearing. This attorney had been appointed to represent Brown about five months before the hearing and had done a good deal of work on it. Judge Marbury took the matter up with the applicant fully and explicitly at the start of the Post Conviction hearing, at which time the following colloquy occurred:

"Judge Marbury: I believe Mr. Gaegler was appointed to represent you here. Is that correct, Mr. Gaegler?

"Mr. Gaegler: Yes, Your Honor."

\* \* \*

"Judge Marbury: Since that time, Mr. Gaegler has been or in fact, just a few days ago, Mr. Gaegler was appointed and sworn in, as an Assistant State's Attorney. At that time, the matter of your case, your Petition was brought to the attention of this member of the Court, the question arose as to whether his position might be a bit awkward, since now he represents the State, which is in opposition to the relief sought in your Petition for relief under the Post Conviction Procedure Act. He was asked to communicate with you due to the fact that he was now Assistant State's Attorney and determine whether you desired him to represent you, in this matter or whether you desired the appointment of some other counsel.

"Have you been advised about Mr. Gaegler's appointment?

"Mr. Brown: Yes, I have, and I would still like Mr. Gaegler to represent me, Your Honor.

"Judge Marbury: Very well. If you feel that way about it, the Court is confident that he will represent you without regard to the State's point of view in this particular case."

A reading of the transcript leads us to believe that the confidence of the applicant and of the trial court was not misplaced.

*Application denied.*