## HERRMAN *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 52, September Term, 1961.]

614

*Decided June 15, 1962.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-
COTT, HORNEY, MARBURY and SYBERT, JJ.

PER CURIAM.

The applicant, Jack L. Herrman, who had been sentenced
to imprisonment for robbery with a deadly weapon, was found
by a jury to be a defective delinquent and he now seeks leave
to appeal from that determination. The applicant, who comes
from a broken home, has an extensive record of unlawful ac-
tivity beginning at the age of ten. He is now eighteen.

The State argues that the present application, filed on Feb-
ruary 16, 1962, should be dismissed since it was not filed
within thirty days from the passage on October 27, 1961, of
the order appealed from. Code (1961 Cum. Supp.), Art. 31 B,

Sec. 11. However, on November 25, 1961, within the thirty-day period, the applicant wrote a letter to the trial court concerning appeal, which, though deficient in form, was treated as an application for leave to appeal and the record was forwarded to this Court. We shall therefore treat the application of February 16, 1962, as supplementary to the November 25, 1961, application, and consider the matter. Cf. *Ambrose v. Director,* 224 Md. 656 (1961).

The applicant has raised numerous contentions all of which have been found to be without merit.

He has made several bald allegations as to the unconstitutionality of the defective delinquent statute, Code (1957 ed., 1961 Cum. Supp.), Art. 31B, and in addition challenges it on the ground that it permits double jeopardy and cruel and unusual punishment, and violates the equal protection clause as well as the prohibitions against *ex post facto* laws and self-incrimination. All these constitutional objections were raised and rejected in *Simmons v. Director,* 227 Md. 661 (1962), and are rejected here.

In addition, the applicant states he was tried for a civil "offense" by a criminal procedure. The record shows that the procedure employed was in accordance with the statute and if applicant's statement was meant to imply that the defective delinquency proceeding is criminal in nature, we will reiterate that it clearly is not. The same answer applies to applicant's next contention, that he should be held only on definite proof of a specific offense. No issue of guilt or innocence of a crime is involved, the sole question being whether or not the person is a defective delinquent. Nor was it a violation of the patient-physician privilege to admit the testimony of the examining psychiatrist and psychologist. All of these contentions were made and found without merit in *Simmons v. Director, supra.*

Applicant makes a series of contentions which were not raised at the hearing below, namely that: he was not given notice of the "charge" against him; he was interrogated against his will; he was not informed of his rights under the fifth amendment or due process clause; evidence obtained

against his will was used against him at the hearing; he was denied a speedy trial; evidence illegally obtained was used to convict; records, papers, etc., of applicant were used against him; the charge to the jury was improper. Since the points were not raised below they are not properly before us on appeal. *Barnes v. Director,* 227 Md. 641 (1961).

Applicant's remaining contentions must be similarly rejected. If in fact he was not served a copy of the order for examination as required by Code (1961 Cum. Supp.), Art. 31B, Sec. 6 (b), the failure to raise any question about it in the trial court amounted to a waiver of any right based thereon. *Brown v. Director,* 224 Md. 635 (1960). Nor was applicant entitled to a parole hearing while being detained at Patuxent for examination.

*Application denied.*