John Fred OTTEN

v.

WARDEN, BALTIMORE CITY JAIL.

John Fred OTTEN

v.

STATE OF MARYLAND, DIRECTOR OF PATUXENT INSTITUTION.

Civ. A. Nos. 11109, 14249.

United States District Court
D. Maryland.

April 10, 1963.

No counsel appearing—not heard in court.

R. DORSEY WATKINS, District Judge.

Petitioner's eighth petition for a writ of habeas corpus based upon decisions of the Supreme Court handed down on March 18, 1963, raises an interesting and important point of procedure.

Petitioner, an inmate of Patuxent Institution, has consistently claimed a denial of his constitutional rights because he was not represented by counsel in the criminal case out of which the commitment to Patuxent Institution originated. He has also been consistent in his statements as to the facts surrounding the failure to appoint counsel for him. Beginning with his first petition, he has alleged that he had had an attorney, whose name he could not recall, who was not present at the arraignment. Petitioner pleaded not guilty, and was told to get in touch with his attorney as the case would probably be tried in the near future. The case was called for trial on September 15, 1958, at which time nothing further was said regarding an attorney, and petitioner made no request for the appointment of counsel.

The first two petitions were denied by this judge on the ground that petitioner had not exhausted his state remedies. The third petition was denied by the late Judge W. Calvin Chesnut of this court. He indicated that the petition could be dismissed for failure to exhaust remedies, but considered the contention that trial without counsel was a lack of due process. Judge Chesnut held that the averments of the petition did not "state a case of the nature showing the necessity of the appointment of counsel for him within the requirements of the due process clause. In that respect I am in accord with the views heretofore expressed by the Maryland Court of Appeals in the case of Fairbanks v. Warden, 211 Md. 641, 127 A.2d 140. See also Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469, and Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595."

Judge Chesnut dismissed the petition for the writ of habeas corpus.

The fourth petition was denied by this judge for failure by petitioner to exhaust his remedies. The fifth petition was denied by this judge on the grounds that the petition contained only the same contentions decided adversely to petitioner by Judge Chesnut, and that a district judge is not required to entertain an application for a writ of habeas corpus if it appears that a federal judge has determined the legality of petitioner's detention, that the petition presents no new ground not theretofore determined and that the ends of justice would not be served by further inquiry; the court finding all three elements to exist. The sixth and seventh petitions were dismissed by this judge for the same reasons.

Of present significance, the eighth petition although generally a repetition of the other seven, further alleges that after the denial of the seventh petition, petitioner made application to the Circuit Court for Queen Anne's County, and that on March 8, 1963 the petition was denied by the Hon. Thomas J. Keating, Jr., who stated "That no Constitutional right of Petitioner was violated by his having been tried without Counsel." Petitioner later refers to decisions of the Supreme Court of the United States on March 18, 1963, characterized as relating to the right of indigent defendants to counsel in criminal cases, the entertaining of habeas corpus petitions by district courts, and the expansion of what must be provided by the states in appellate reviews.

■ Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, decided March 18, 1963, holds that indigent defendants in criminal cases have a constitutional right to the assistance of counsel. Whether or not the rule so announced will literally be applied to "all criminal prosecutions"—parking sixteen minutes in front of the Post Office Building during prohibited hours; dropping one square millimeter of tinfoil on the sidewalk; using profane language in the presence of a Justice of the Peace—need not here be determined. By any anticipated construction of the Gideon opinion, there would seem to be no doubt but that it would now apply to a charge, such as that against the petitioner, of unauthorized use of an automobile on which petitioner was sentenced to two years imprisonment, and as an incident to which he has been committed to Pat-

uxent Institution, for an indeterminate time. That this court could at this time entertain this eighth petition for habeas corpus would seem clear, particularly in view of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, March 18, 1963.

However, considerations of comity suggest that the courts of Maryland should first have the opportunity of considering, or reconsidering, petitioner's case in the light of the March 18, 1963 decisions, so that they may initially determine:

1. Whether Gideon was intended to be, and if so can be made to be, retroactive; and, if so,

2. Whether petitioner voluntarily waived counsel; and if not

3. The appropriate procedural remedy.

█ In the writer's opinion, this would not be an idle formality leading to a foregone result. The writer has no reason to doubt that the judges of our state courts are just as zealous, conscientious and competent in their recognition of the constitutional and other rights of indigent defendants as are the judges of other tribunals. This has been demonstrated in several recent cases, before March 18, 1963, in which state court judges have invalidated convictions because of lack of counsel or lack of the effective assistance of counsel. Moreover, the submission of this matter to the state courts in the first instance would be at the most "only the postponement, not the relinquishment, of federal habeas corpus jurisdiction, which had attached by reason of the allegedly unconstitutional detention and could not be ousted by what the state court might decide." Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837. As the majority in Noia said (ibid.), quoting with

approval from Cook v. Hart, 146 U.S. 183, 194–195, 13 S.Ct. 40, 36 L.Ed. 934:

" * * * While the Federal courts have the power and may discharge the accused in advance of his trial, if he is restrained of his liberty in violation of the federal constitution or laws, * * * the practice of exercising such power before the question has been raised or determined in the state court is one which ought not to be encouraged. The party charged waives no defect of jurisdiction by submitting to a trial of his case upon the merits, and we think that comity demands that the state courts, under whose process he is held, and which are, equally with the Federal courts, charged with the duty of protecting the accused in the enjoyment of his constitutional rights, should be appealed to in the first instance. Should such rights be denied, his remedy in the federal court will remain unimpaired."

Especially would it seem appropriate to permit the Maryland courts initially to consider this case, since Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595, which arose in Maryland, was the law until March 18, 1963, when after being "reconsidered" it was "overruled." (83 S.Ct. at page 793).

█ The petition will therefore be denied at this time, without prejudice to its renewal after petitioner has availed himself of such remedies as the laws of the State of Maryland afford.

My colleagues, Chief Judge THOMSEN and Judges NORTHROP and WINTER, concur in this disposition of the petition.

The Clerk is directed to send a copy of the Memorandum and Order to the petitioner.