Raymond S. RUDOLPH, Jr.

v.

WARDEN, MARYLAND PENITENTIARY.

Civ. A. No. 14594.

United States District Court
D. Maryland.

May 27, 1963.

No counsel appearing—not heard in court.

R. DORSEY WATKINS, District Judge.

Petitioner, a state prisoner, seeks the issuance of a writ of habeas corpus. On August 15, 1961, petitioner entered a plea of guilty to the crime of assault with intent to rob in the Circuit Court for Prince George's County and as a re-

sult thereof was sentenced by the Honorable William B. Bowie, Associate Judge, to a term of five years in the Maryland Penitentiary. On May 21, 1962, petitioner filed in the Circuit Court for Baltimore County a petition for a writ of habeas corpus which was denied by the Honorable Lester L. Barrett, Associate Judge, on May 25, 1962. Petitioner then applied to the Supreme Court of the United States for a writ of certiorari, which petition was denied on October 15, 1962. In the instant proceeding, the petitioner challenges the validity of his detention on the same grounds as those asserted in his petition for a writ of habeas corpus filed in the Circuit Court for Baltimore County.

The Attorney General of the State of Maryland in answering a show cause order issued by this court upon the instant petition for a writ of habeas corpus contends that petitioner has the right to seek the relief that he is now seeking in this court in the courts of the State of Maryland by instituting a proceeding under the Uniform Post Conviction Act, Article 27, section 645A et seq. Annotated Code of Public General Laws of Maryland, 1957 Edition.

Section 645A of Article 27 states in pertinent part that one challenging the validity of his detention may proceed under the said Act " * * * provided the alleged error has not been previously and finally litigated or waived in the proceedings resulting in the conviction, or in any other proceeding that the petitioner has taken to secure relief from his conviction." The Court of Appeals of Maryland has repeatedly said that a question previously litigated in a habeas corpus proceeding cannot be raised again in a Post Conviction proceeding (McClain v. Warden, 1959, 220 Md. 666, 152 A.2d 806). These statements, however, referred to habeas corpus proceedings instituted when there was a right to apply to the Court of Appeals of Maryland for leave to appeal from an adverse order of a lower court. This right no longer exists, section 6 of Article 42, Annotated Code of Public General Laws of Mary-

land, 1957 Edition, providing for appeals in habeas corpus proceedings having been repealed effective June 1, 1958. Whether a question raised and litigated in a habeas corpus proceeding in the lower court will be considered to have been "finally litigated" where there is no possibility of review by the Maryland Court of Appeals has not as yet been directly decided by that court although the court has obliquely referred to the effect of the loss of the right to appeal on finality of litigation.

" * * * We think it is perfectly clear that the application for *habeas corpus* was such another proceeding 'to secure relief from his conviction', and that, upon affirmance by this Court it was 'finally litigated'. Cf. Byrd v. Warden, 219 Md. 681, 147 A.2d 701, 703, and Tillett v. Warden, [220 Md. 677] 154 A.2d 808. Under the Habeas Corpus Act, Code (1957), Art. 42, sec. 6, it is provided that upon denial of an application for leave to appeal, 'the order sought to be reviewed shall thereby become final to the same extent and with the same effect as if said order had been affirmed on appeal.' Davis v. Warden, 211 Md. 606, 125 A.2d 841. The right to apply for leave to appeal was, of course, cut off by the repeal of sec. 6 by sec. 1, ch. 45, Acts of 1958, but that does not affect the finality of points finally litigated under the former procedure." (Plater v. Warden, 1959, 220 Md. 673, 675, 154 A.2d 811, 812).

■ It does not become necessary in the instant case for this court to determine the effect of the repeal of section 6 of Article 42 upon the "finality" of points litigated under the present habeas corpus act. This determination, requiring a construction of Maryland Law, should be left to the state courts. Although Judge Barrett denied the petition for a writ of habeas corpus, he did not do so on the merits. The merits were never considered, the court holding that the grounds alleged by the petitioner could not be raised by way of a peti-

tion for a writ of habeas corpus. If petitioner may proceed under the Uniform Post Conviction Procedure Act, then he has not exhausted the remedies available to him in the courts of the State of Maryland.

Where available state remedies have not been exhausted, 28 U.S.C.A. § 2254 requires that they first be tried before Federal habeas corpus relief is invoked. (Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Horsey v. Steiner, D.Md., Civil Action No. 14363; Cason v. State, D.Md., Civil Action No. 14600; Otten v. State, D.Md. 1963, 216 F.Supp. 289.

Accordingly, the petition for a writ of habeas corpus is hereby denied at this time, without prejudice to its renewal after petitioner has availed himself of such remedies as the laws of the State of Maryland afford.

The Clerk is directed to send copies of this Memorandum and Order to the petitioner and to the Attorney General of Maryland.