## ELLIOTT *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 76, September Term, 1962.]

616

*Decided July 1, 1963.*

Before the full Court.

PER CURIAM.

Elliott asks leave to appeal from a judgment entered after verdict of Chief Judge Harris finding him to be a defective delinquent.

On January 10, 1962, he pleaded guilty to incest, and was sentenced to three years' confinement. He was transferred to Patuxent Institute for determination of his status as a defective delinquent. After hearing, he was found to be a defective delinquent, and committed to Patuxent.

He poses three questions: (1) that he does not meet the definition of a defective delinquent; (2) that Code (1962 Cum. Supp.), Article 31B, Section 6 is "confusing and an examination" of him should not have been made "since he had only one conviction"; and (3) that he was not given "a copy of the report of the institution," as required by Section 8.

His first contention challenges the sufficiency of the evidence. There are ample grounds contained· in the report to support Judge Harris' conclusion that appellant was a defective delinquent.

Appellant pleaded guilty to incest, a felony and a sex crime. Section 6 (a) explicitly names felonies and sex crimes as two of the categories of crimes, the commission of which renders a person subject to be examined as a possible defective delinquent.

His third contention is based upon the provision of Section 8 which provides that when the defendant is summoned for hearing he "shall be given a copy of the report of the institution * * *." However, although he is represented by an experienced court-appointed attorney, he makes no showing that the point was raised below (assuming that, in fact, he was not furnished with a copy of the report). When he failed to raise the question below, we hold that he waived the same. Cf. *Brown v. Director,* 224 Md. 635, 165 A. 2d 895; *Herrman v. Director,* 229 Md. 613, 182 A. 2d 351.

*Application denied.*