John E. SIMON
v.
STATE OF MARYLAND.
Civ. A. No. 15318

United States District Court
D. Maryland.
Feb. 19, 1964.

John E. Simon, in pro. per.

R. DORSEY WATKINS, District Judge.

Petitioner, presently committed to Patuxent Institution, addressed to Chief Judge Simon E. Sobeloff of the United States Court of Appeals for the Fourth Circuit an original petition for a writ of habeas corpus attacking the constitutionality of Maryland's Defective Delinquents Act. In the absence of Judge Sobeloff the petition was referred to Circuit Judge Clement L. Haynsworth, Jr., who, noting that the substantive question raised by the petitioner was before the United States Court of Appeals for the Fourth Circuit in five other cases which had been argued before that court at the November 1963 term, stated that it would be appropriate to stay further proceedings "in this appeal pending the decision in those cases already heard which raised the same question, were it not for the fact there appears to be a

substantial question of Simon's standing to raise the question." Judge Haynsworth then pointed out that, as a seven year sentence was imposed upon the petitioner in April 1958, in all likelihood petitioner would not be entitled to release even if his subsequent commitment as a defective delinquent were held to be invalid. Accordingly, pursuant to 28 U.S.C.A. § 2241(b) the original petition was transferred to the United States District Court for the District of Maryland and was thereafter assigned to this judge.

■■ The Attorney General of the State of Maryland has advised this court that the petitioner's tentative release date on his original criminal sentence is May 5, 1965. Thus, even were petitioner's present attack upon the constitutionality of the Maryland Defective Delinquents Act successful he would not be entitled to release from state custody. He, however, would be entitled to be released from Patuxent and transferred to a state penal institution where the conditions and terms under which he would be kept in custody would be significantly different from the conditions and terms under which he is now confined at Patuxent Institution. This court does not intend to, and does not, intimate any feeling as to whether the terms of confinement in state penal institutions are preferable to those at Patuxent or are not preferable. The court merely points out that there are differences, and substantial differences. For example, in a state penal institution good time allowances and industrial allowances may be earned and credited against the criminal sentence imposed to shorten the period of time spent in actual physical custody. One committed to Patuxent on the other hand receives an indeterminate sentence and Chief Judge Thomsen of this court in Carlos Houston Daugherty v. State of Maryland and Director, Patuxent Institution, D.Md., March 11, 1963, Civil Action No. 14479, stated:

"The Court of Appeals of Maryland has not yet determined whether a convict who has been transferred to the Patuxent Institution for report and evaluation is entitled to credit for good time and industrial work as he would be if he were in a penal institution. The decisions of the nisi prius State courts are in conflict on this point, but Judge Winter of this Court has held that an inmate of the Patuxent Institution is entitled to such credit. Since Judge Winter's decision, Judge Oppenheimer and Judge Raine have made similar rulings. Those decisions will be followed by this Court until there is a definitive ruling by the Court of Appeals of Maryland or by the Court of Appeals for the Fourth Circuit."

Without belaboring the point, just a few other differences between a straight criminal sentence and commitment to Patuxent may be noted. While being detained at Patuxent for examination one is not entitled to a parole hearing. (Herrman v. Director, 1962, 229 Md. 613, 616, 182 A.2d 351). After commitment to Patuxent as a defective delinquent, the inmate is subject to a periodic review as provided for in section 13(b) of Article 31B, Annotated Code of Public General Laws of Maryland, 1963 Cumulative Supplement. If as a result of such review and examination the special institutional board of review of Patuxent believes that it may be beneficial to grant the inmate a leave of absence or "parole" *not to exceed one year*, such a special leave of absence or parole may be granted pursuant to the specialized provisions of section 13(d) of

Article 31B, Annotated Code of Public General Laws of Maryland, 1963 Cumulative Supplement. The provisions of said section need only be compared with the general parole provisions applicable to inmates of penal institutions in the State of Maryland to emphasize further the distinctions between said provisions. (Cf. Article 41, section 107 et seq., Annotated Code of Public General Laws of Maryland, 1963 Cumulative Supplement). In any institution other than Patuxent the inmate may be transferred

to a less restricted plan of custodial care, while one committed to Patuxent is not subject to a possible transfer and accordingly for his indeterminate sentence remains in that maximum security institution. Just the few differences between incarceration in a state penal institution and confinement in Patuxent mentioned above clearly evidence that petitioner Simon has standing to raise the question which he sought to present originally to the United States Court of Appeals for the Fourth Circuit for as said by the United States Court of Appeals for the District of Columbia in Miller v. Overholser, 1953, 92 U.S.App.D.C. 110, 206 F. 2d 415, 419, 420:

\* \* \* \* \* \*

"We think it has been settled since the decision of the Supreme Court in In re Bonner [14] that the writ is

"14. 1894, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149.

available to test the validity not only of the fact of confinement but also of *the place of confinement*. In that case a person convicted in a federal court was sentenced to imprisonment in a state penitentiary. He claimed that under the statutes he could not be confined in such a penitentiary. The court held *habeas corpus* to be his correct remedy." (first emphasis supplied).

By analogy if the basic law under which petitioner is committed to Patuxent is, as he alleges, unconstitutional, then petitioner has the right to test the validity of the place of his commitment through recourse to the writ of habeas corpus. If the Maryland Defective Delinquents Act is totally void, then conceivably petitioner has the right to bring about his transfer to one of the penal institutions of the state.

Petitioner Simon's original petition to the United States Court of Appeals for the Fourth Circuit was transferred to this Court for determination pursuant to the provisions of section 2241(b) of Title 28 U.S.C.A. Although, as this court has just held, there is no lack of standing in petitioner to bar him from raising the issue that he seeks to raise, the fact that he has never presented this serious problem to any of the courts of the State of Maryland for consideration does bar him from presenting his position to the United States Court of Appeals for the Fourth Circuit for the first time. Petitioner states quite frankly in allegation 85 on page 52 of his handwritten petition "petitioner feels justified in presenting this petition to the United States Court of Appeals in view of the previous rulings of State and Federal District Courts. Petitioner contends that such decisions have established precedent indicating bias and prejudice; nor allowance for consideration of merits and remedial action." No basis or support for petitioner's bald statements of bias, prejudice and lack of adequate state and federal remedies is advanced. Petitioner has not only deliberately and intentionally sought to bypass and evade state court review of his position, including appellate review by the Court of Appeals of Maryland, but also has deliberately by-passed lower federal court review of the issues he now raises and has intentionally chosen to present these issues for the first time to the United States Court of Appeals for the Fourth Circuit. Judge Haynsworth by transferring the original petition to this court for disposition gave an indication that petitioner was not to be aided in his attempt to avoid orderly presentation of and adjudication of his position. Likewise, the Supreme Court of the United States has recognized "that the exigencies of federalism warrant a limitation whereby the federal judge has the discretion to deny relief to one who has deliberately sought to subvert or evade the orderly adjudication of his federal defenses in the state courts" \* \* \* and "that the federal habeas judge may in his discretion deny relief to an applicant who has deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state court remedies." (Fay v. Noia, 1962, 372 U.S. 391, 433, 438, 83 S.Ct. 822, 846, 9 L.Ed.2d 837).

The court will not exercise its discretion to bar petitioner absolutely from federal habeas corpus relief. It will, however, invoke the well established principle that having failed to raise in the first instance in the courts of Maryland the point that he now submits to this court for consideration, petitioner has clearly failed to exhaust his presently existing state remedies. Where available state remedies have not been exhausted, 28 U.S.C.A. § 2254 requires that they first be tried before federal habeas corpus relief is invoked. (Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822; Horsey v. Steiner, D.Md.1963, Civil Action No. 14363; Cason v. State, D.Md. 1963, Civil Action No. 14600; Otten v. State, D.Md.1963, 216 F.Supp. 289).

Accordingly, the petition for a writ of habeas corpus is hereby denied.

As petitioner alleges that he is financially able to pay the cost of this proceeding, the Clerk will bill him accordingly.

The Clerk is hereby directed to send a copy of this Memorandum Opinion and Order to the Clerk of the United States Court of Appeals for the Fourth Circuit and to the petitioner.