## PRESSLEY *v.* WARDEN OF THE MARYLAND HOUSE OF CORRECTION

[App. No. 98, September Term, 1965.]

*Decided April 28, 1966.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY and BARNES, JJ.

HAMMOND, J., delivered the opinion of the Court.

Eugene Pressley was convicted of the crime of robbery with a deadly weapon and sentenced to eight years in the Maryland House of Correction on July 1, 1964. No appeal was taken.

Petitioner originally filed a "Petition for Writ of Habeas Corpus" but, at the suggestion of Judge Harris, agreed that it would be to his advantage to have the petition considered under the Uniform Post Conviction Procedure Act, and pursuant to Maryland Rule Z55 b it was docketed as such on April 1, 1965. The State's answer was filed on April 8, 1965. A hearing was held on July 13 and July 20, 1965, before Judge Carter, and his opinion denying the petition was filed on September 30, 1965. In addition to those contentions which rest on constitutional grounds, petitioner also filed two "Motion[s] for Release by Default."

The first motion contends that petitioner should be released because Maryland Rule BK43 a, requiring the state's attorney to respond to a petition under the Post Conviction Procedure Act within fifteen days after the petition is docketed, had not been complied with. The dates set out above indicate that such an allegation is erroneous and the motion is dismissed. The other motion was filed on September 24, 1965, and contends that Maryland Rule 18 b (a codification of Art. IV, § 23, of the Maryland Constitution which requires that a judge render his decision within two months after the case is argued) has not been complied with. While the word "shall" is used in the Constitution and in the Maryland Rules, and while Judge Carter did not render his decision within two months after the hearing, it has been held that § 23 of Art. IV of the Maryland Constitution is not mandatory, but directory; therefore there is no loss of jurisdiction to pass upon the petition. *Myers v. State,*

218 Md. 49, 51, *cert. denied,* 359 U. S. 945, 3 L. Ed. 2d 678 (writ of error coram nobis not ruled on until after two months had elapsed). See also *Holt v. Warden,* 223 Md. 654, 657 (sentence not passed within two months' period) ; *Snyder v. Cearfoss,* 186 Md. 360, 370 (ruling on motion for new trial not given until after two months from date of hearing). Petitioner's motion is hereby dismissed. We now turn to the substantive matters.

Petitioner first contends that evidence used against him at his trial was obtained as a result of an illegal search and seizure. Judge Carter correctly concluded that under the circumstances the arrest of petitioner without a warrant was based on reasonable grounds to believe at the time of the arrest that a felony had been committed and that the person arrested had committed the felony. *Hopkins and Terry v. State,* 239 Md. 517; *Hitt v. State,* 235 Md. 544; *Mulcahy v. State,* 221 Md. 413. Petitioner fitted precisely the description broadcast to the arresting officers (including the fact that a suspect was wearing a blue beret) and was picked up on a deserted street within six blocks from the scene of the robbery and four minutes from the time the call was received. It is clear that as an incident of a lawful arrest tangible evidence of the crime can be seized. *Johnson, Etc. v. State,* 238 Md. 528; *Hitt v. State, supra.*

Petitioner next contends that his confession was involuntary and evidence of the confession prejudiced the trial judge. Judge Carter examined the record of the trial and found that this was an allegation without foundation in that no confession was admitted into evidence.

Petitioner next contends that he was denied the assistance of counsel during the interrogation and at the preliminary hearing. Judge Carter found as a fact that at the interrogation Pressley was advised of his right to remain silent and to have a lawyer and that no threats or promises were made to him, and that he asserted that he did not need a lawyer. Petitioner's reliance on *Escobedo v. Illinois,* 378 U. S. 478, 12 L. Ed. 2d 977, would be ill-founded even if the circumstances of his interrogation came within the facts of *Escobedo* (which they do not) ; since we have held in *Hyde v. State,* 240 Md. 661, 666, that "the doctrines of *Escobedo* were not intended to be, and are not

to be, applied retrospectively," and Pressley's conviction became final prior to the decision in *Escobedo*. The assertion of denial of counsel at the preliminary hearing is likewise without merit because petitioner was not required to plead and did not plead to the charges; and, consequently, no admission of guilt was given at the hearing and later put into evidence at the trial. The circumstances here are such that the preliminary hearing was not a "critical stage" in the proceedings and there is no absolute constitutional requirement that a defendant be represented by counsel at a preliminary hearing. *Evans v. Warden,* 240 Md. 333; *Fabian v. State,* 235 Md. 306, 319, *cert. denied,* 379 U. S. 869, 13 L. Ed. 2d 72.

Petitioner contends lastly that he was represented by incompetent counsel. Judge Carter concluded that there was no truth in any of the specific allegations of error by counsel at the trial. Even if there had been, mistakes by an attorney are not sufficient cause for post conviction relief unless as a result of them the representation was so deficient as to go to the very fairness of the trial. *Bryant v. Warden,* 235 Md. 658; *Hamm v. Warden,* 238 Md. 633. Judge Carter concluded, based on the considerable experience of the lawyer in trial work and the record of the trial, that petitioner was properly represented in a fair trial and was in all probability, based on the usual practice of his attorney, advised of his right of appeal. Petitioner furnishes no reason, and none appears to us, why these conclusions are not correct.

*Application denied.*