## MORRIS E. ANGLIN, JR. *v.* DIRECTOR, PATUXENT INSTITUTION

[No. 160, Initial Term, 1967.]

*Decided August 2, 1967.*

Before Anderson, Morton, Orth, and Thompson, JJ.

Per Curiam.

Morris E. Anglin, Jr., seeks leave to appeal from the denial of his petition for post conviction relief. He was convicted of breaking a dwelling in the daytime with intent to steal and carry away the personal goods of another of any value, by Judge John Grason Turnbull, sitting without a jury, on November 17, 1965. On July 27, 1966, he filed a petition under the Uniform Post Conviction Procedure Act, and a hearing was held before Judge John N. Maguire on August 17, 1966, while the direct appeal from his conviction was pending before the Court of Appeals of Maryland. That Court affirmed the applicant's conviction on December 13, 1966, *Anglin v. State,* 244 Md. 652, and Judge Maguire denied the petition for post conviction relief in an order filed on January 4, 1967.

In his application for leave to appeal, the applicant raises the following contentions:

1. That he was erroneously charged with a felony in the information upon which he was convicted, thereby losing the advantage of a grand jury indictment.

2. That his arrest and the subsequent search and seizure were illegal.
3. That Judge Maguire in his memorandum denying relief did not treat the third contention raised at the hearing concerning the insufficiency of the value of the credit card.
4. That his post conviction decision was not rendered within two months of the hearing as required by Maryland Rule 18 b and Section 23 of Article 4 of the Maryland Constitution.

The first contention was raised before the trial judge and resolved against the applicant, but was not raised on direct appeal. The applicant has not alleged any "special circumstances" to excuse his failure to raise this point on direct appeal, and he has thereby failed to rebut the presumption that he intelligently and knowingly failed to make the allegation. Code (1967 Repl. Vol.) Article 27, Section 645A (c). See *Strosnider v. Warden*, 245 Md. 692 (1967); *McCloskey v. Director*, 1 Md. App. 281 (1967). In addition, the crime for which he was convicted was classified as a misdemeanor at the time of his arrest, and at the time the criminal information was filed, but before the date of his trial, the legislature revised the pertinent legislation, reclassifying this offense as a felony. See Laws of Maryland 1965, Chapter 345; Code (1957), Article 27, Sections 30, 32; *Coleman v. State*, 209 Md. 379 (1956) and *State v. Wright*, 193 Md. 721. It was, therefore, proper for the State's Attorney to charge him on an information as the crime when committed was a misdemeanor.

Applicant's second contention was denied by Judge Maguire on the ground that the arrest was legal in that the arresting officers had knowledge that a felony had been committed and had probable cause to believe that the applicant had committed the crime. The transcript of the original trial indicates that the applicant was arrested under these circumstances: sometime between February 9 and February 11, 1965, the home of Louis Weiss was burglarized and an NAC credit card bearing his name was stolen therefrom. On the afternoon of February 11 the applicant, using the stolen credit card, made a substantial purchase at a Baltimore mens' clothing store. The salesman

realized after applicant's departure from the store that several ties were left out of the package. He immediately telephoned the Weiss home and talked to a police officer who was there investigating the burglary. Police then notified the company which had issued the credit card that it had been stolen and that the thief was using it. Later the same afternoon, the applicant entered a store in a suburban shopping center and attempted to make another purchase with the stolen credit card. The salesclerk, observing that the intended purchase exceeded the limit authorized by the credit card, called the company that had issued it for approval of the purchase. At the time she made the call, she had the credit card in her possession, which, as aforesaid, was in the name of Louis Weiss. Shortly thereafter, Officer Donald Clark entered the store and asked the applicant "what was going on." [1] The applicant smiled at the officer, made no remarks, walked towards the door, then started to run from the store. Officer Clark, although having no description of the individual whom he was sent to apprehend, assumed that applicant was the man he was after and gave chase. The applicant was apprehended by Officer McCumbie who had also been dispatched to the store to seek the same suspect, the arrest being made by McCumbie when he saw the applicant being chased by Officer Clark.

At the trial the stolen credit card was received in evidence without objection being made to its admissibility on the ground that it was taken as a result of an unlawful search and seizure, nor was any such contention raised on direct appeal. Under these circumstances, there is a rebuttable presumption that the point was waived and applicant has here alleged no "special circumstances" to excuse the failure to raise the question on appeal. See *Kelly v. Warden,* 243 Md. 717. In any event, an illegal arrest, standing alone, does not invalidate a subsequent conviction, *Ledbetter v. Warden,* 234 Md. 643, and where no fruits of an unlawful search are introduced in evidence an illegal arrest affords no ground for post conviction relief. *Wade*

---

1. It is not clear whether the salesclerk or someone in the credit company's office called the police, but the testimony of one of the arresting officers indicates that they were sent to the store to apprehend a man who was trying to use the stolen credit card.

*v. Warden,* 240 Md. 346. Clearly, there was no search or seizure of the stolen credit card, since the applicant abandoned the card when he ran from the store. It is well settled that one who abandons or discards property cannot complain of the later seizure of the property by the police or of its use against him in court. *Henderson v. Warden,* 237 Md. 519; *Buettner v. State,* 233 Md. 235. At his post conviction hearing, applicant quite candidly admitted stealing the credit card and his abandonment of it, under the circumstances, is readily understandable.[2]

In his third contention, the applicant claims that Judge Maguire failed to rule on the question of whether the credit card was of sufficient value to support his conviction. Assuming that this point was raised, and that Judge Maguire should have treated it in his memorandum, there would be no point in remanding the case for further consideration as the contention is on its face utterly without merit. In the first place it is directed to the sufficiency of the evidence and may be denied for that reason alone. *Johnson v. Director,* 243 Md. 708; *Nixon v. Director,* 1 Md. App. 14 and *Ross v. Warden,* 1 Md. App. 46. Furthermore, the crime that the applicant was convicted of has no minimum value requirement as one of its elements. The statute as it then existed covered the act of "breaking a dwelling house in the daytime * * * with intent to steal, take or carry away the personal goods of another of any value therefrom * * *." Code (1957), Article 27, Section 32, as amended by the Laws of Maryland, 1960, Chapter 40.

Applicant's fourth contention must also be denied. The Court of Appeals has ruled several times that Rule 18 b (a codification of Article IV, Section 23 of the Maryland Constitution which requires that a judge render his decision within two

---

2. While applicant states in his application for leave to appeal that his trial counsel did not discuss with him the legality of his arrest and subsequent seizure of the stolen credit card, he testified at the post conviction hearing that he was not questioning the competency of his counsel. Indeed, the concession seems well justified since his trial counsel is one of the ablest members of the criminal Bar of this State and a review of the trial transcript clearly indicates that applicant's trial counsel afforded him the highest degree of competent legal representation.

months after the case is argued) is directory and not mandatory and that failure to comply with it does not oust the court of its jurisdiction over the case. *Pressley v. Warden,* 242 Md. 405; *Holt v. Warden,* 223 Md. 654; *Myers v. State,* 218 Md. 49, certiorari denied 359 U. S. 945.

*Application denied.*