STATE OF MARYLAND *v.* NELSON
GEORGE CRIST

[No. 250, September Term, 1976.]

*Decided December 29, 1976.*

The cause was submitted on brief to MORTON, MENCHINE and MASON, JJ.

Submitted by *Francis B. Burch, Attorney General, Gilbert H. Robinette, Assistant Attorney General, Warren B. Duckett, Jr., State's Attorney for Anne Arundel County,* and *R. David Fordham, Assistant State's Attorney for Anne Arundel County,* for appellant.

No appearance for appellee.

MENCHINE, J., delivered the opinion of the Court.

On September 18, 1975, the State's Attorney for Anne Arundel County, acting in behalf of the State of Maryland, filed a petition in the Circuit Court for Anne Arundel County seeking forfeiture of a handgun.

The petition alleged: (1) that Nelson George Crist was arrested on July 14, 1975, and was charged with violating Maryland Code Article 27, § 36B, being in possession of a pistol without a permit required by law; (2) that Nelson George Crist came to trial in the District Court for Anne Arundel County on August 25, 1975; was found guilty as charged and fined $250.00 and costs with the fine suspended; (3) that Nelson George Crist is the owner of the handgun; and (4) that the handgun has been retained in the custody of the Administrative Clerk of the District Court of Anne Arundel County from the date of trial to the date of the filing of the petition.

A show cause order was passed in the Circuit Court for Anne Arundel County, ordering Nelson George Crist to show cause why the described pistol should not be forfeited to the State of Maryland.

On October 10, 1975, Nelson George Crist demurred to the petition upon the ground that "more than 30 days has elapsed since the conviction of the defendant on August 25, 1975, without a Hearing having been scheduled, thus the State has failed to comply with the provisions of the statute."

Judge Karl F. Biener thereafter passed the following order:

"This matter having come to the attention of the Court, for consideration, no hearing having been requested.

"THEREFORE, IT IS, on this 11th day of February, 1976, by the Circuit Court for Anne Arundel County, sitting in Equity, ADJUDGED, ORDERED and DECREED:

"That the demurrer submitted by the defendant be, and it is hereby, sustained without leave to amend."

The State of Maryland has appealed.

The State's asserted right to the forfeiture of the handgun in question arises under Maryland Code Article 27, § 36C, that reads as follows:

"§ 36C. *Seizure and forfeiture.*

(a) *Property subject to seizure and forfeiture.* — The following items of property shall be subject to seizure and forfeiture, and, upon forfeiture, no property right shall exist in them:

(i) Any handgun being worn, carried, or transported in violation of § 36B of this article.

(ii) All ammunition or other parts of or appurtenances to any such handgun worn, carried, or transported by such person or found in the immediate vicinity of such handgun.

(b) *Procedure relating to seizure.* — (i) Any property subject to seizure under subsection (a) hereof may be seized by any duly authorized law-enforcement officer, as an incident to an arrest or search and seizure.

(ii) Any such officer seizing such property under this section shall either place the property under seal or remove the same to a location designated either by the Maryland State Police or by the

law-enforcement agency having jurisdiction in the locality.

(c) *Procedure relating to forfeiture.* — (1) Upon the seizure of property pursuant to this section, the State's attorney shall notify any official agency which registers such property of the seizure and shall request the name and address of the owner thereof. If, as a result of such inquiry, or any other inquiry which he may conduct, the State's attorney determines the name and address of the owner of the property, he shall notify the owner by certified mail of the seizure and of the State's attorney's determination of whether the owner knew or should have known that the property was worn, carried, transported or used in violation of § 36B.

(2) If the State's attorney determines that the owner neither knew nor should have known of the use or intended use of the property in violation of § 36B, he shall surrender the property upon request to the owner unless he determines that the property is needed as evidence in a pending criminal case, in which event he shall return the property upon the final conclusion of the case or cases in which the property is needed as evidence.

(3) If the State's attorney determines that the property should be forfeited to the State, he shall petition the circuit court of the appropriate subdivision in the name of the State of Maryland against the property as designated by make, model, year, and serial number or other identifying characteristic. The petition shall allege the seizure and set forth in general terms the causes or grounds of forfeiture. It shall also pray that the property be condemned as forfeited to the State and disposed of according to law.

(4) If the owner or owners of the property are unknown or cannot be found, notice of the seizure and intended forfeiture proceedings shall be made by publication in one or more newspapers published

in the county in which the action is brought if there be one so published, and if not, in a newspaper having a substantial circulation in said county. In Baltimore City the notice shall be published in one or more of the daily newspapers published in the city. The notice shall state the substance and object of the original petition and give notice of the intended forfeiture proceedings.

(5) Within 30 days after service of the notice of seizure and intended forfeiture proceedings or within 30 days after the date of publication, the owner of the property seized may file an answer under oath to the petition.

(6) The court shall retain custody of the seized property pending prosecution of the person accused of violating § 36B and in case such person be found guilty, the property shall remain in the custody of the court until the hearing on the forfeiture is held. The hearing shall be scheduled no more than 30 days after conviction of the defendant, and reasonable notice shall be given to those parties filing an answer to the petition.

(7) If no timely answer is filed, the court shall hear evidence upon the use of the property in violation of § 36B and shall upon satisfactory proof thereof, order the property forfeited to the State.

(8) At the scheduled hearing, any owner who filed a timely answer may show by competent evidence that the property was not in fact used in violation of § 36B or that he neither knew or should have known that the property was being, or was to be so used. Upon the determination that the property was not so used, the court shall order that the property be released to the owner.

(9) If after a full hearing the court decides that the property was used in violation of § 36B or that the owner knew or should have known that the property was being, or was to be so used, the court

shall order that the property be forfeited to the State.

(d) *Disposition of forfeited property.* — Whenever property is forfeited under this section, it shall be turned over to the State Secretary of General Services who may (i) order the property retained for official use of State agencies, or (ii) make such other disposition of the property as he may deem appropriate. (1972, ch. 13, § 3; 1973, ch. 332.)"

It will have been noted that Article 27, § 36C (c) (6), *supra,* included the following language:

"The hearing [on the forfeiture] *shall* be scheduled no more than 30 days after conviction of the defendant, and reasonable notice shall be given to those parties filing an answer to the petition." (Emphasis added.)

The action of the trial judge in sustaining the demurrer without leave to amend apparently was based upon his conclusion that the use of the word "shall" in the subsection mandated the scheduling of a forfeiture hearing within 30 days after the conviction and that the failure to do so destroyed the State's right to obtain a forfeiture of the weapon. We do not agree and shall reverse.

In *Hitchins v. City of Cumberland*, 215 Md. 315, 138 A. 2d 359 (1958), Judge (later Chief Judge) William L. Henderson, speaking for the Court of Appeals, said at 323 [362-63]:

"... it is well settled that the use of the words 'shall' or 'may' are not controlling, in determining whether a particular provision is mandatory or directory.... The question of construction turns upon the intention of the Legislature as gathered from the nature of the subject matter and the purposes to be accomplished."

*Maryland State Bar Ass'n v. Frank*, 272 Md. 528, 325 A. 2d 718 (1974), dealing with a disbarment statute requiring,

*inter alia,* that the "bar association and/or State's attorney . . . prosecute the charges named in said order on a day specified therein, which day shall not be less than fifteen or more than sixty days from the date of said order. . . .", is persuasive upon the issue presented here. In *Frank,* it was said at 533-34 [721]:

> "While it is true that the word 'shall' appears in the statute as it pertains to the sixty-day time limitation, nevertheless, . . . we now hold that this time check is not mandatory but directory, and thus there is no loss of jurisdiction to pass upon the bar association's petition. Although, ordinarily the use of the word 'shall' indicates a mandatory provision and therefore it is presumed that the word is used with that meaning, this is not so if the context indicates otherwise, as we believe it does here. *Ginnavan v. Silverstone,* 246 Md. 500, 505, 229 A. 2d 124 (1967). Though not controlling, we think it is of some significance in this regard that the language of the statute provides no penalty for failure to act within the time prescribed. Of more importance, it is clear that the broad policy of the law regulating conduct of attorneys authorized to practice law in this State is designed for the protection of the public, *Maryland St. Bar Ass'n v. Agnew,* 271 Md. 543, 549, 318 A. 2d 811 (1974), and that purpose would be largely vitiated if respondent's restrictive interpretation were to prevail. These assertions justify the conclusion, we think, that the legislature intended the time direction of the statute to be directory and not mandatory. This result is in accord with the previous decisions of this Court which have considered the use of the word 'shall' to be directory when used in similar statutes or rules. See *Pressley v. Warden,* 242 Md. 405, 406-07, 219 A. 2d 25 (1966) (judge did not render decision within two months after case was argued or submitted as required by Art. IV, § 23 of the Maryland Constitution and by

Rule 18 a); *Holt v. Warden*, 223 Md. 654, 657, 162 A. 2d 743 (1960) (sentence not passed within two-month period); *Myers v. State*, 218 Md. 49, 51, 145 A. 2d 228 (1958), *cert. denied*, 359 U. S. 945 (1959) (writ of error *coram nobis* not ruled on until after two months had elapsed); *Snyder v. Cearfoss*, 186 Md. 360, 370, 46 A. 2d 607 (1946) (ruling on a motion for new trial not given until two months after the date of hearing)."

*See also Director v. Cash*, 269 Md. 331, 305 A. 2d 833 (1973); *Young v. State*, 15 Md. App. 707, 292 A. 2d 137 (1972). *Compare Md. Medical Service v. Carver*, 238 Md. 466, 209 A. 2d 582 (1965).

Section 36C of Article 27 was brought into the statutory law of Maryland as part of a broad legislative plan for "handgun" control. Ch. 13, § 3 Laws of 1972. Now codified as §§ 36B through 36F of Article 27 "Crimes and Punishments" under the sub-heading "Handguns," this broad legislative plan was prefaced by the following statement of legislative policy:

"§ 36B. *Wearing, carrying or transporting handgun; unlawful use in commission of crime.*

(a) *Declaration of policy.* — The General Assembly of Maryland hereby finds and declares that:

(i) There has, in recent years, been an alarming increase in the number of violent crimes perpetrated in Maryland, and a high percentage of those crimes involve the use of handguns;

(ii) The result has been a substantial increase in the number of persons killed or injured which is traceable, in large part, to the carrying of handguns on the streets and public ways by persons inclined to use them in criminal activity;

(iii) The laws currently in force have not been effective in curbing the more frequent use of handguns in perpetrating crime; and

(iv) Further regulations on the wearing, carrying, and transporting of handguns are necessary to preserve the peace and tranquility of the State and to protect the rights and liberties of its citizens."

The statute prohibited generally the wearing, carrying or transporting of handguns (§ 36B); authorized limited searches of persons reasonably believed to be wearing, carrying or transporting the same (§ 36D); imposed strict limitations upon permits to carry the same (§ 36E); and defined (a) the weapons included within the designation "handgun" and (b) the "law-enforcement personnel" excepted from its penal provisions (§ 36F).

We think that the broad design of the law was the protection of the public, a design that would be impaired by rigid time limitations upon the forfeiture provisions of the statute. We conclude that the Legislature intended the time fixed for scheduling hearings for forfeiture to be directory and not mandatory.

We reach this conclusion because: (a) the statute itself provides no sanction for a time violation; and (b) other provisions of § 36C itself would operate to make mandatory scheduling of forfeiture hearings within thirty days after conviction absurd, impossible, or likely to impede orderly court assignments.

*Absurd*, because a conviction in the District Court of Maryland for Anne Arundel County is subject to a right by the accused to appeal within 30 days from the final judgment. (Annotated Code of Maryland, Courts and Judicial Proceedings Article § 12-401; Maryland Rule 1312). If a successful appeal is taken, the right of the State to compel forfeiture may not arise at all under § 36C. Even an unsuccessful appeal would provide a new date of conviction because appeals from District Courts in criminal cases are heard *de novo*. Courts and Judicial Proceedings Article § 12-401 (c).

*Impossible*, because "owners who are served" or "owners who are unknown or cannot be found," (§ 36C (c) (4)) are granted a period of 30 days *after service or after publication*

within which to file answers in forfeiture proceedings (§ 36C (c) (5)).

*Impede orderly court assignments,* because in many cases it could not be known, on a date certain 30 days after conviction, whether the forfeiture proceeding would require merely the perfunctory hearing necessary for an *ex parte* hearing of undisputed facts or would involve a proceeding requiring resolution of conflicting testimony of numerous witnesses.

The overriding purpose of the total legislation was to control the use or carriage of handguns. The overriding purpose of § 36C was the seizure and forfeiture of all handguns found to have been knowingly employed in violation of those controls.

Achievement of these overriding purposes would be diminished or destroyed if handguns must be returned to lawbreakers because so weightless a time limitation is to be considered mandatory. We perceive no legislative intent that it be so considered.

*Order reversed.*
*Costs to be paid by appellee.*